UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN LABEL PROJECT FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP INC.,<br><br>Defendant. | Case No. 1:20-cv-03154 |

**PLAINTIFF'S MOTION TO REMAND TO D.C. SUPERIOR COURT**

COMES NOW, Plaintiff, Clean Label Project Foundation ("Plaintiff" or "CLP") and respectfully moves this Court to remand this case back to the D.C. Superior Court, and as grounds therefore state:

## I.   INTRODUCTION

This case does not belong in federal court as there is no federal questions implicated and there is no diversity of jurisdiction through which the Court can assert subject matter jurisdiction. Defendant Hain Celestial Group markets and sells an infant formula, Earth's Best, that is advertised as safe and free of Bisphenol A ("BPA").  Plaintiff Clean Label Project tested the Defendant's Earth's Best formula and found that the infant formula was contaminated with 323.95 ppb of BPA, which was a higher concentration of BPA than 98.5% of other infant formulas tested. *See* Compl. ¶79.  Contrary to its BPA-free advertising, Earth's Best formula does contain harmful BPA, which constitutes misleading, false advertising under District of Columbia law.  This case

was brought in the D.C. Superior Court seeking injunctive relief under the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.* ("CPPA"), and D.C. Code § 28-3905.  Thus, D.C. Superior Court is where this case belongs.  In removing this case to the District Court, Defendant has misconstrued it as a class action falling under the Class Action Fairness Act of 2005 ("CAFA") and Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff makes no claim for class action in the Complaint.  Moreover, in its Notice of Removal, Defendant distorts Plaintiff's factual claims in the Complaint and makes Rule 12(b)(6) arguments regarding preemption that is both inappropriate and inapplicable in considering whether this case must be remanded.  This Court has already ruled on the issue of federal question in previously published opinions concerning the CPPA; it is established law that cases brought under the D.C. CPPA requesting injunctive relief are separate and distinct matters, not to be converted to, nor treated as a class action.  *See infra* Section III(1).  Defendant uses a straw man tactic to lead the Court down the fallacious path of misapplying CAFA jurisdictional and federal preemption requirements when they are simply non-issues in this case, where CLP, a non-profit organization, is seeking injunctive relief based on Defendant's false advertising violations under the D.C. CPPA.  This matter also does not meet the $75,000 threshold necessary for diversity jurisdiction as Defendant's arguments violate the non-aggregation principle and are directly contrary to this Court's prior case law.

In sum, the Court has held in a number of cases that the D.C. Consumer Protection Procedures Act is a separate and distinct type of action from CAFA and Rule 23 cases.  This case would not fall under CAFA jurisdiction.  This Court has also ruled that the aggregation of the potential costs and fees of compliance with an injunction is not a permissible way to satisfy the $75,000 diversity threshold in a case that does not otherwise seek damages in that amount.  There

is no reason why the Court should now overturn a body of decisions and keep this case in federal court. The Court should reject and remand the case back to the D.C. Superior Court.

## II. BACKGROUND

On August 14, 2020, Plaintiff CLP filed a complaint against The Hain Celestial Company ("Hain Celestial" or "Defendant"), in the Superior Court for the District of Columbia. The Complaint asserts a cause of action for the violation of the D.C. Consumer Protection Procedures Act ("CPPA").[1] Plaintiff alleges that Hain Celestial engaged in false, misleading, and deceptive merchandising practices by marketing the Hain's Celestial "Earth's Best Organic Dairy Infant Formula with Iron Milk-Based Power (35oz)," ("Product") as BPA free, when, in fact, the Product contains detectable amounts of BPA, rendering the Product adulterated.[2] Pursuant to the Complaint, CLP seeks the following relief:

    a) "An Order enjoining Defendant's conduct found to be in violation of the CPPA."

    b) "An Order requiring Defendant to provide corrective advertising to the residents of the District of Columbia that restores consumers."

    c) "An Order granting Plaintiff's costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law." And,

    d) "[p]unitive damages . . . ."[3]

---

[1] *See* Ex. A Compl. ¶¶15-35, 90-111.
[2] *Id.* at ¶¶80-89, 101-102.
[3] *Id.* at 19, Prayer for Relief.

CLP agrees that Hain Celestial's Notice of Removal is timely under 28 U.S.C. §1446(b). For its removal for federal jurisdiction, Hain Celestial argues that the case should be treated as a class action pursuant to Rule 23 of CAFA. Defendant also argues that the case may be removed because it invokes a federal question of preemption. Both arguments are unsound and misconstrue the facts and the applicable laws. Defendant's removal should be denied and the case should be remanded.

### III. ARGUMENT

#### 1.   CLP's D.C. CPPA Suit is Not A Class Action Lawsuit: CAFA Does Not Apply

CLP has not filed a class action suit under Rule 23 of the Federal Rules of Civil Procedure. Thus, this case is not a class action under Rule 23, nor are the jurisdictional requirements of Rule 23 applied. Hain Celestial incorrectly contends that this Court has original jurisdiction over CLP's suit under CAFA because the suit is "akin" to a class action filed under Rule 23 of the Federal Rules of Civil Procedure or a similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action under 28 U.S.C. § 1332(d)(1)(B). CLP filed the above cited action under the D.C. CPPA on behalf of the "general public" and not under 28 U.S.C. § 1332(d)(1)(B).[4]

Hain Celestial would like for this Court to treat CLP's claim as a totally different lawsuit than the one that the Plaintiff actually filed, and to transform this case into a class action lawsuit under CAFA to benefit the Defendant's jurisdictional preference. Unlike the D.C. CPPA, CAFA confers federal diversity jurisdiction over class actions where the aggregate amount in controversy

---

[4] *See* D.C. Code §28-3905(k)(1)(C)-(D) ("a nonprofit organization may, on behalf of itself or any of its members, or on any such behalf and on behalf of the general public, bring an action seeking relief from the use of a trade practice in violation of a law of the District, including a violation involving consumer goods or services that the organization purchased or received in order to test or evaluate qualities pertaining to use for personal, household, or family purposes").

4

exceeds $5 million.[5]  Hain Celestial is also erroneous in alleging that CLP's claim meets CAFA's three requirements for removal: (1) Combined alleged claim of more than $5,000,000, §1332(d)(6); (2) more than 100 alleged class members in the proposed class, §1332(d)(5)(B); and (3) diversity of citizenship, §1332(d)(2)(A).

At the threshold, Hain Celestial's false equivocation that this case sounds "akin" to a CAFA matter is misguided, because at the remand stage the dispositive question is "how the action was actually filed," and Plaintiff's lawsuit is not a class action under CAFA or Rule 23, nor is CLP seeking to certify a class.[6]  This Court has previously held in *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 101 (D.D.C. 2008), that CAFA does not establish an alternative basis for federal jurisdiction because a "representative action" under the D.C. Consumer Protection Procedures Act "is authorized by the District of Columbia statute and is a separate and distinct procedural vehicle from a class action." *See Breakman*, 545 F. Supp. 2d at 101; *see also*, *Zuckman*, 958 F. Supp. 2d at 304-305; *and see*, *Animal League Def. Fund v. Hormel Foods Corp,* 249 F. Supp 3d 53, 64 (D.D.C. 2017).  The Defendant spends the bulk of its arguments in the Notice for Removal misdirecting the Court to apply CAFA's elements for class certification to the present case in attempt to meet the removal requirements to federal court.  Yet, Defendant's arguments fail.  As prior case law show, CAFA is irrelevant because Plaintiff CLP brings its representative action against Hain Celestial solely under the D.C. CPPA.  *See id*.

In fact, courts addressing this very issue, have, in accordance with the statutory intent, uniformly found that representative suits and class actions are separate and distinct procedural

---

[5] *See* 28 U.S.C §1332(d)(2).
[6] *See Zuckman v. Monster Beverage Corp.,* 958 F. Supp. 2d 293, 304-305 (D.D.C 2013*). See also* Complaint at ¶¶ 36-49.

vehicles under the D.C. CPPA.[7] This analysis is consistent with *Breakman* and *Zuckman v. Monster Beverage Corp.,* 958 F. Supp. 2d at 304-306 (D.D.C 2013), that found removal was not permitted under CAFA's class action provision for actions brought by a private attorney general provision under D.C. Code §28-3905(k)(1), where the plaintiff has not brought a "class action" under the D.C. Superior Court Rule 23.  *See Breakman*, 545 F. Supp. 2d at 101; *see also Zuckman*, 958 F. Supp. 2d at 304-306.  This body of laws following *Breakman* addressing actions filed under the D.C. CPPA that reject the applicability of CAFA and Rule 23 is so well-established that Judge Lamberth explained in granting a remand against identical defense arguments in another case: "The Court recognizes that the district courts of this circuit have generally adopted the *Breakman* view, *see, e.g., Zuckman*, 958 F. Supp. 2d at 301-02; *Nat'l Consumers League v. General Mills, Inc*., 680 F. Supp. 2d 132, 140-41 (D.D.C. 2010), and so conforms itself to this analysis.".  *See Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73, 77-78 (D.D.C. 2014).  As cited in the Complaint attached as Exhibit A, Plaintiff CLP likewise pled a state action under the D.C. CPPA on behalf of the "general public", not under 28 U.S.C. §1332(d)(1)(B), and should be remanded accordingly as there is no basis for federal jurisdiction.  *See id*.; *see also*, D.C. Code §28-3905(k)(1)(C)-(D).

### 2. Defendant's Argument Fails Under Applicable Case Law

#### a. The ruling in *Rotunda v. Marriott International, Inc.* is limited to cases seeking monetary damages for the general public and does not apply to this matter.

To support its contention that CLP's suit is removable as a class action, Hain Celestial incorrectly argues that Plaintiff's D.C. CPPA claim can only be litigated as a class action.  Hain

---

[7] *See National Consumer League v. General Mills, Inc*., 680 F. Supp.2d 132, 137 ("the plain language of the CPPA expressly authorizes suits like NCL's that are brought on behalf of the general public without imposing any requirement that the suit meet the strictures of Rule 23.  *See* D.C. Code §28-3905(k)."); *see also*, *Breakman,* 545 F. Supp.2d at 101 ("The DCCPPA specifically authorizes a private attorney general suit without any reference to class action requirements. *See* D.C. Code §28-3905(k).").

Celestial cites to *Rotunda v. Marriott International, Inc.*[8]  However, this case is distinguishable, as the limited concerns of *Rotunda* dealt specifically with an action seeking "statutory or actual damages" for the general public and not one for injunctive relief as pled in the instant case.  *See Rotunda v. Marriott Int'l, Inc*., 123 A.3d 980, 982 (D.C. 2015); *contrast with* Exhibit A, Compl. at 19.  The courts have consistently held that seeking injunctive relief on behalf of the general public does not implicate the class action framework.[9]

> As this Court in *Hackman v. One Brands, LLC* explained recently, Judge Kollar-Kotelly
>
> [declined] to apply *Rotunda* to [the *Hackman*] case, which would extend the District of Columbia Court of Appeals' limited holding. The *Rotunda* court repeatedly specified that its holding applied to DCCPPA cases requesting damages for the general public. *See, e.g.*, 123 A.3d at 985 (expressing concern that the DCCPPA "is virtually silent on how broadly-contoured actions for *damages* are to be regulated or managed.") (emphasis added); *Id*. at 988 (finding that Rule 23 is "the time-tested framework [for] suits for *damages* by class-members 'as representative parties'") (emphasis added); *Id*. at 989 ("the necessary vehicle for suits seeking *class-wide damages* remains Rule 23") (emphasis added). Defendant now asks this Court to extend *Rotunda*'s holding to cases where the plaintiff seeks only injunctive relief on behalf of the general public. This Court declined to do so in *Animal Legal Defense Fund*, and it declines to do so again here. 249 F. Supp. 3d at 65. As this Court explained in *Animal Legal Defense Fund*, "[w]hether or not this Court would deem it prudent for D.C. law to require DCCPPA suits for injunctive relief be considered class actions that must comply with Rule 23 is irrelevant. What is relevant is that the *Rotunda* opinion undeniably does *not* require that. Accordingly, because Plaintiff did not bring its case as a class action, and Defendant has not shown that any D.C. law or court opinion would require Plaintiff's case be treated as such, the Court sees no reason why it would conclude that Plaintiff has brought a 'class action' for the purposes of CAFA. Class action jurisdiction under CAFA accordingly does not apply in this case seeking injunctive relief." 249 F. Supp. 3d at 65.

---

[8] The *Rotunda* Court determined that an action for damages, and not solely for injunctive relief, under the D.C. CPPA on behalf of the general public must comply with Superior Court Rule of Civil Procedure 23 and be certified as a class action. This decision was based on fears that, without Rule 23 protections, claims for money damages on behalf of the general public under the D.C. CPPA could preclude the rights of members of the public who might later want to assert their own damages claims.  *See Rotunda v. Marriott International Inc.,* 123 A.3d 980 (D.C. 2015).

[9] *See Breakman, 545 F. Supp. 2d at 101; see also, Zuckman, 958 F. Supp. 2d at 304-305; and see, Animal League Def. Fund, 249 F. Supp 3d at 64.*

*Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *11-12 (D.D.C. April 1, 2019)

### b. Organizations, such as non-profits, seeking injunctive relief on behalf of the general public do not need to join the public via class action.

Moreover, courts have repeatedly concluded organizations seeking injunctive relief on behalf of the general public do not need to do so by "joining" the public to the case via class action. The very words of the *Rotunda* court support its limitations. *Rotunda* explains that CPPA plaintiffs must use the class action "framework" *only in* "suits for damages" so as to protect consumers' rights to recovery. *Rotunda* at 955-98 (emphasis added). Thus, the concerns of *Rotunda* do not apply to injunctive actions such as this one and courts have consistently rejected repeated efforts to expand *Rotunda* to suits requiring injunctive relief. *See Hackman*, 2019 U.S. Dist. LEXIS 55635, at *11-12. *Rotunda's* intent and concerns are not present in this case given that this suit does not preclude the rights of members of the public who might later want to assert their own damages because Plaintiff seeks injunctive relief under the CPPA, thus conferring no federal subject matter jurisdiction under CAFA.

Defendant Hain Celestials arguments based on *Rotunda* have already been evaluated by this Court in prior cases and rejected. 123 A.3d 980. This case is similar in fact to *Animal League Defense Fund v. Hormel Foods Corporation,* in which the defendant argued that the concerns that motivated the Court of Appeals in *Rotunda* were also applicable to suits involving requests for injunctive relief. 249 F. Supp. 3d at 64-65. However, this Court in *Animal League Defense Fund* refused to extend *Rotunda*'s limited holding to include D.C. CPPA suits for injunctive relief and declined to convert them into class actions that must comply with Rule 23.[10] Hain Celestial's identical argument is incorrect and irrelevant under the applicable laws. This D.C. CPPA lawsuit for injunctive relief against contaminated infant

---

[10] *Animal League Defense Fund* at 64-65.

formula does not seek monetary damages on behalf of the general public, should not be considered a class action, and does not trigger the application of Rule 23 analysis. *Hackman*, 2019 U.S. Dist. LEXIS 55635, at *11-12.[11]

### b. This case is akin to the decisions in *Breakman* and *Zuckman* and should not be distinguished.

This case is akin to *Breakman* and *Zuckman*. Defendant argues that under the D.C. Code § 28–3905(k)(1)(D), a public interest organization is only permitted to bring a D.C. CPPA action on behalf of the interests of a consumer or class of consumers. This argument, similar to Defendant's other arguments, has already been addressed in *National Consumer League v. Flowers Bakeries LLC,* 36 F. Supp. 3d 26, 30-32 (D.D.C. 2014). In *National Consumer League*, this Court was guided by the principle that the removal statute should be construed narrowly in favor of remand and disagreed with the defendant's analysis on this very argument. *Id*. at 31-32, 35-36 ("Based on the complaint, there is no question that the action was 'actually filed" based on all four standing provisions, including provisions which expressly permit non-class actions). CLP's Complaint expressly relies on multiple private attorney general standing provisions, not just subsection (D), the fact that Plaintiff also relied on D.C. Code § 28–3905(k)(1)(C) should not be ignored. At the remand stage the dispositive question is how the action was actually filed.[12] Thus, the Court must consider all the standing provisions cited by Plaintiff.

### c. This matter does not have the hallmarks of a class action and should not be treated as such.

---

[11] In ¶13 of the Defendant's Notice for Removal, Hain Celestial makes an odd argument that the Plaintiff's reserving its right to amend its Complaint during the course of discovery to include additional infant food and beverage amounts to "[expressing] its intention to bring claims for products it did not buy." *See* Def. Notice for Removal ¶13. This is simply incorrect. Plaintiff CLP rigorously tests consumer products and verifies its results with third party laboratories to ensure accuracy prior to filing any lawsuit. This necessarily entails that products, if any, that are later added will be purchased by CLP and tested before becoming a part of any amended or new complaint.
[12] *See Nat'l Consumers League,* 36 F. Supp. 3d at 35.

Additionally, arguendo, even if the Court were to find that Plaintiff's Complaint was one brought solely pursuant to subsection (D), "it would not follow that the statute's use of the term 'class' would automatically permit removal under CAFA's class action provision."  *Nat'l Consumers League*, 36 F. Supp. 3d at 35-36.

CAFA defines a "class action" as any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of juridical procedure authorizing an action to be brought by one or more representative persons as a class action.  Defendant mistakenly suggests that an action filed under D.C. Code 28–3905(k)(1)(D) constitutes a suit "filed under" a state stature or rule of judicial procedure 'similar' to Rule 23 that authorizes a class action.  The Court in *National Consumer League*, held that "absent the 'hallmarks of Rule 23 class actions; namely adequacy of representation, numerosity, commonality, typicality, or the requirement of class certification,' courts have held that private attorney general statutes 'lack the equivalency to Rule 23 that CAFA demands.'"[13]

Thus, the same must be true of D.C. Code § 28–3905(k)(1)(D).  The *National Consumer League* Court saw no reason to depart from the well-reasoned conclusions in *Breakman* and *Zuckman* that removal is not permitted under CAFA's class action provision for actions brought by a private attorney general under D.C. Code § 28–3905(k)(1), where plaintiffs had not brought a "class action" under D.C. Superior Court Rule 23." *Nat'l Consumers League,* 36 F. Supp. 3d at 35-36.

**d.  CAFA carves out an exception for cases akin to this matter.**

---

[13] *Nat'l Consumers League,* 36 F. Supp. 3d at 35-36, *citing Baumann*, 2014 U.S. App. LEXIS 4777, 2014 WL 983587, at *4 (quoting *Purdue Pharma,* 704 F.3d at 216-17); *see also W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 175-76 (4th Cir. 2011).

Finally, CAFA carves out an exception for private attorney general suits akin to CLP's instant action.[14] CAFA provides (in relevant part):

> A "mass action" that meets certain requirements shall be deemed to be a removeable class action, but "the term 'mass action' shall not include any civil action in which . . . all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such an action."[15]

Again, CLP's suit falls squarely under this exception as it is a civil action in which the sole claim asserted is under a D.C. code provision that specifically authorizes such an action. Further, the claim is asserted by a non-profit public interest organization on behalf of the general public and the interests of the consumers for which it substantiates a nexus. As such, it is not a mass action removable under CAFA. The plain language of the D.C. CPPA expressly authorizes lawsuits like this one to be brought on behalf of the general public without imposing any requirement that the suit meets the structures of Rule 23.[16]

### 3.   Defendant's Argument Fails Under Statutory History and Intent

#### a.   The plain language of the D.C. CPPA supports the conclusion this matter should not be treated as a class action.

In addition to the above-mentioned case law, the plain language of the CPPA, the plain language of the Complaint, and the legislative history of the CPPA, support the above conclusion. In 2000, the D.C. CPPA was amended to provide for representative suits and the particularized remedies related to representative actions. Thus, the changes to the D.C. CPPA enabled public interest organizations and individuals to seek remedies for illegal trade practices without forming

---

[14] *Breakman*, 545 F. Supp. 2d at 101.

[15] 28 U.S.C. §1332(11)(B)(ii)(3).
[16] See D.C. Code § 28-3095(k).

class actions.[17]  The rationale for the expansion of the private right of action was to "[p]rovide public interest organizations and individuals additional abilities to take consumer protection actions in the public interest to stop fraudulent conduct when an unlawful trade practice comes to their attention…" because, prior to the amendment, it was "not possible to bring a consumer action to stop illegal conduct until after a victim suffers injury."[18]  The D.C. CPPA Amendments in the 2000 legislation included a strong statement of legislative intent: "D.C. Code 28-390l(c): This chapter shall be construed and applied liberally to promote its purpose . . . that is, the purpose of 'assur[ing] that a just mechanism exists to remedy all improper trade practices and deter the continuing use of such practices.'"[19]

    **b.  The legislative history of the D.C. CPPA supports the conclusion this matter should not be treated as a class action.**

The 2000 Amendments to the D.C. CPPA specifically allow non-profit public interest organizations and the private bar (including non-profit public interest organizations akin to CLP and other entities) to sue "on behalf of themselves of the general public" when the act had been violated.[20]  Additionally, and in line with the case law cited above, the amendments emphasize that representative suits and class action suits are separate and distinct.  Notably, the provision governing remedies, located in § 28-3905(k)(2) reads: **Any claim** under this chapter shall be brought in the Superior Court of the District of Columbia and may recover the following remedies: (A) Treble damages or $1,500 per violation, whichever is greater, payable to the consumer.  As the court has previously ruled, "The phrase 'any claim may recover or obtain the following

---

[17] *See* D.C. Bar, Section on Antitrust, Trade Regulation & Consumer Affairs, Consumer Protection in the District of Columbia Following the Suspension of DCRA Enforcement of the Consumer Protection Procedures Act (April 1999) (appended to Letter from Mara Verheyden-Hilliard, Section Co-Chair, to the Council (March 29, 2000).
[18] D.C. Council, Comm. on Consumer & Regulatory Affairs, Report on Bill 13-679, Fiscal Year 2001 Budget Support Act of 2000 (Apr. 26, 2000) (Section 3: Consumer Protection, Rationale).
[19] *Grayson v. AT&T Corp.*, 15 A.3d 219, 242, 244-245 (D.C. 2011)
[20] D.C. Code §§28-3901(a)(l) and 3905(k)(1)

remedies' at the beginning of § 3905 (k)(2) indicates that the remedies listed are available to all litigants.

Nothing in the above-quoted language of the Statute nor in its legislative history suggests any procedural burden on the reach or remedy of representative actions as alluded to by Defendant. To the contrary, the Statute mandates its "liberal" application, supporting Plaintiff's assertion this suit should not be treated as a class action. Legislative commentary regarding the amendments makes clear that the amendments are intended to reinforce an expansive reach of the CPPA "[b]y being more explicit about what kinds of suits the Council intends to authorize."[21]

In accordance with the caselaw precedent and plain statutory language and intent, given CLP has brought suit under the D.C. CPPA §28-3901 *et seq.,* this suit should not be treated as a class action, and CAFA's jurisdiction should not be implicated or applicable. Therefore, this matter should be remanded back to the jurisdiction of the D.C. Superior Court.

### 4. CAFA Diversity Jurisdiction does not apply

As stated above, this is not a matter that was filed under, or qualifies as an equivalent to, CAFA jurisdiction. Even though this matter is clearly not a class action, even if said analysis were used, the non-aggregation principle would be applicable (which CLP in no way concedes by addressing said argument) and Hain Celestial's analysis would fail.[22] Further, as also

---

[21] Alexander Report at JP A 762.

[22] Even under a class action analysis, "The separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *see also Zahn v. Int'l Paper Co*., 414 U.S. 291, 294 (1973) ("multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement for suit). *See Witte v. Gen. Nutrition Corp*., 104 F. Supp. 3d 1, 6 (D.D.C. 2015) ("Defendants' argument—that this Court should consider their total compliance costs in calculating the amount in controversy—would circumvent the non- aggregation principle articulated in *Snyder* and *Zahn*."); *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (finding that "the cost-to-defendant test is inapplicable to the current diversity action" where plaintiff sought injunctive relief under the case). Which, according to Defendant's own data, over 2000 units of Product have been sold, even a low estimation of pro rata relief would be well below the threshold. The non-aggregation principle also applies to punitive damages. The Court in *Breakman* noted that it "[i]s not entirely comfortable with the premise that an action should be retained in federal court where satisfaction of the amount-in-controversy requirement depends upon a lump sum aware of 17 attorneys' fees, given its duty to "strictly construe the scope of its removal jurisdiction."

addressed above, CAFA has carved out an exception for mass actions that is clearly applicable to this matter. Thus, CAFA is inapplicable to this matter.

### 5. Removal is not appropriate as CLP has raised no federal question

Cases filed under the D.C. CPPA do not implicate a federal question. A case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). A case may also arise under federal law where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*. at 258 (summarizing the standard previously outlined by the Supreme Court in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005),  Only a "special and small category" of cases will meet the standard outlined in *Grable*. *Id*. To determine whether a case "arises under" federal law in either of these two ways, the Court looks to the facts of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Defendant attempts to transform Plaintiff's Complaint into something it is not, either on its face or implied. It is clear from Plaintiff's complaint that this case does not fall within the first category because Plaintiff has pled no federal causes of action.

Contrary to Defendant's allegations, Plaintiffs did not attempt to conceal any federal argument and therefore did not implicate a federal issue. In fact, much to the contrary, Plaintiff's argument, as pled in the plain language of the Complaint, is that Defendant's Products contain detectable amounts of BPA, thus causing the Product to be adulterated.  Plaintiff never mentions or causes inference to the definition of "organic".  In fact, whether or not the Product would qualify for such a label is not referenced or mentioned anywhere in Plaintiff's Complaint, and is in fact not at issue. Plaintiff does not identify the Product as "organic," or failing to be organic in the Complaint.  As

the Product itself has the name of "Earth's Best Organic Dairy Infant Formula with Iron," it would logically follow that when referring to the Product, Plaintiff would have to identify it by its given name. Plaintiff's suit in no way "presents an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in passing the OFPA. It makes no reference to OFPA, and the OFPA would have no bearing whatsoever on the outcome of the matter. Defendant attempts to confound the issue of remand by introducing a non-existent Rule 12(b)(6) issue of OFPA preemption on a Notice of Removal.

As outlined in Plaintiff's Complaint, Plaintiff focuses on the false and deceptive marketing of the Product as being BPA free when it contains a concerning amount of BPA upon testing. Defendant markets the Product as "pure" and "safe" with "only the best ingredients" and a "high degree of attention to both ingredient and product quality and safety" when BPA is known to be harmful to infant development. Plaintiff at no time challenges or attempts to define the Product as organic or non-organic, and in fact, the label of "organic" would have no bearing on the outcome of the matter.

Defendant would like to morph Plaintiff's Complaint into something akin to *Organic Consumers Association v. Han Celestial Group Inc.,* 285 F. Supp. 3d 100 (D.D.C 2018), where Defendant received a favorable ruling regarding the definition of "organic." However, this case shares no factual basis, nor legal argument whatsoever with that matter. Plaintiff makes no challenge to whether or not the Product is "organic;" thus, the OFPA regulations are not implicated and no federal question exists. The legal question in this matter, is whether the Product is adulterated with detectable amounts of BPA, not whether it is "organic". The Court should not allow Defendant to convert the Plaintiff's argument to suit a prior successful ruling in order to avoid proper jurisdiction.

## IV.     CONCLUSION

Defendant has impermissibly removed this case from D.C. Superior Court. This Court has already decided this very issue in a series of previous cases. There is no class action pled before the Court within the scope of CAFA nor within the applicable laws of federal jurisdiction. There is unquestionably no federal question raised by CLP, either by direct pleading, implication, or reference. Defendant asks the Court to use a cover of the word "organic" in the name of the Product to implicate a federal question that is not present in the Complaint.

Whether analyzed under CAFA or federal question, this Court does not have subject matter jurisdiction over this case.

WHEREFORE, CLP requests that this action be remanded to the D.C. Superior Court.

Dated: November 30, 2020.

Respectfully submitted,

*/s/ Julie T. Oliver-Zhang*

Julie T. Oliver-Zhang, Esquire (#997183)
**THE LAW OFFICE OF JULIE OLIVER-ZHANG, LLC**
810 New Hampshire Avenue, NW
Washington, D.C. 20037

T: (202) 643-1110

F: (202) 643-1596

julie@oliverzhanglaw.com

Attorneys for Clean Label Project (CLP)

Kristen M. Ross, Esq. (MD Bar No. 0712120212)

Davitt, Lalley, Dey & McHale, PC
1971 Beltline Ave., Suite 106 Grand Rapids, MI 49525

Tel: (202) 750-0355

kristen.ross@dldmlaw.com

17