**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CLEAN LABEL PROJECT FOUNDATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-03154-KBJ |
| | ) | |
| THE HAIN CELESTIAL GROUP INC., | ) | The Honorable Ketanji Brown Jackson |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT THE HAIN CELESTIAL GROUP INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND TO D.C. SUPERIOR COURT**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ......................................................................................................... 1

ARGUMENT ................................................................................................................. 2

I.     PLAINTIFF'S COMPLAINT CONSTITUTES A "CLASS ACTION" UNDER
D.C. LAW AND IS THEREFORE REMOVABLE UNDER CAFA. ........................... 3

        A.    Because D.C. law requires a representative action seeking monetary relief
be brought as a class action, this case meets CAFA's definition of a "class
action." ..................................................................................................... 4

        B.    Because Plaintiff made the decision to bring its claim under D.C. Code §
28-3905(k)(1)(D)(i), which expressly authorizes actions on behalf a class
of consumers, this case is a "class action." ............................................ 8

        C.    Plaintiff's "mass action" argument is also unavailing ......................... 11

II.    CAFA'S REMAINING JURISDICTIONAL REQUIREMENTS ARE
SATISFIED .............................................................................................................. 11

        A.    The Parties are minimally diverse ......................................................... 11

        B.    Plaintiff's putative class satisfies CAFA's numerosity requirement. ................. 12

        C.    More than $5 million is in controversy. ................................................. 12

III.   ALTERNATIVELY, PLAINTIFF'S COMPLAINT IS REMOVABLE UNDER
28 U.S.C. § 1331 ..................................................................................................... 14

CONCLUSION ........................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Alston v. Whole Foods Mkt. Grp.*,
No. 17-2580, 2018 WL 2561041 (D.D.C. Apr. 13, 2018) ........................................................6

*Animal Legal Defense Fund v. Hormel Foods Corp.*,
249 F. Supp. 3d 53 (D.D.C. 2017) ................................................................................7, 8, 10

*Apton v. Volkswagen Grp. of Am., Inc.*,
233 F. Supp. 3d 4 (D.D.C. 2017) ...........................................................................................2

*Azar v. Allina Health Servs.*,
139 S. Ct. 1804 (2019) ...........................................................................................................8

*Barnes v. District of Columbia*,
42 F. Supp. 3d 111 (D.D.C. 2014) ........................................................................................10

*Bradford v. George Washington Univ.*,
249 F. Supp. 3d 325 (D.D.C. 2017) ........................................................................................2

*Breakman v. AOL LLC*,
545 F. Supp. 2d 96 (D.D.C. 2008) .............................................................................5, 10, 13

*Brown v. Mort. Elec. Registration Sys., Inc.*,
738 F.3d 926 (8th Cir. 2013) ................................................................................................10

*Cannon v. Wells Fargo, N.A.*,
908 F. Supp. 2d 110 (D.D.C. 2012) ..................................................................................1, 14

*Coll. of Dental Surgeons of Puerto Rico v. Conn. Gen. Life Ins. Co.*,
585 F.3d 33 (1st Cir. 2009) ..................................................................................................10

*Comm. for GI Rights v. Callaway*,
518 F.2d 466 (D.C. Cir. 1975) ...............................................................................................2

*Congress v. D.C.*,
324 F. Supp. 3d 164 (D.D.C. 2018) ........................................................................................6

*Dart Cherokee Basin Operating Co. v. Owens*,
574 U.S. 81 (2014) ...........................................................................................................2, 12

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) ..............................................................................................................10

*F5 Capital v. Pappas*,
   856 F.3d 61 (2d Cir. 2017)..................................................................................10

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
   545 U.S. 308 (2005).................................................................................15, 16

*Hardt v. Reliance Standard Life Ins. Co.*,
   560 U.S. 242 (2010).........................................................................................9

*Hopkins v. Women's Div., Gen. Bd. of Global Ministries*,
   284 F. Supp. 2d 15 (D.D.C. 2003) ...................................................................1

*Lavelle v. State Farm Mut. Auto Ins. Co.*,
   235 F. Supp. 3d 217 (D.D.C. 2017) ................................................................3

*McMullen v. Synchrony Bank*,
   82 F. Supp. 3d 133 (D.D.C. 2015) .................................................................13

*McQueen v. Woodstream Corp.*,
   672 F. Supp. 2d 84 (D.D.C. 2009) ..................................................................7

*National Consumer League v. Flowers Bakeries LLC*,
   36 F. Supp. 3d 26 (D.D.C. 2014) ...................................................................10

*National Consumers League v. General Mills, Inc.*,
   680 F. Supp. 2d 132 (D.D.C. 2010) ................................................................5

*Organic Consumers Association v. Hain Celestial Group, Inc.*,
   285 F. Supp. 3d 100 (D.D.C. 2018).........................................................1, 15, 16

*Oshana v. Coca-Cola Co.*,
   472 F.3d 506 (7th Cir. 2006) .........................................................................13

*Paleteria La Michoacana, Inc. v. Productos Lacetos Tocumbo S.A. De C.V.*,
   79 F. Supp. 3d 60 (D.D.C. 2015) ....................................................................7

*Pleznac v. Equity Residential Management, L.L.C.*,
   No. 17-cv-2732 (CRC), 2018 WL 10196622 (D.D.C. May 8, 2018).....................13

*Song v. Charter Commc'ns Inc.*,
   No. 17cv325 JM (JLB), 2017 WL 1149286 (S.D. Cal. Mar. 28, 2017) ..................6

*Std. Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013)..................................................................................12, 13

*Steinberg v. Nationwide Life Mut. Ins. Co.*,
   418 F. Supp. 2d 215 (E.D.N.Y. 2006) ............................................................13

*In re U-Haul Int'l, Inc.*,
  No. 08-7122, 2009 WL 902414 (D.C. Cir. Apr. 6, 2009)..................................................4, 5, 6

*United States v. Woods*,
  571 U.S. 31 (2013) ..........................................................................................................8

*Williams v. Martinez*,
  586 F.3d 995 (D.C. Cir. 2009) ......................................................................................6

*Witte v. Gen. Nutrition Corp.*,
  104 F. Supp. 3d 1 (D.D.C. 2015) ..................................................................................13

*Zuchman v. Monster Beverage Corp.*,
  958 F. Supp. 2d 293 (D.D.C. 2013) ..............................................................................5

**State Cases**

*Ford v. Chartone, Inc.*,
  908 A.2d 72 (D.C. 2006) ................................................................................................6

*Organic Consumers Ass'n v. General Mills, Inc.*,
  No. 2016 CA 6309 B, 2017 WL 2901210 (D.C. Super. Ct. Apr. 27, 2017)...................4, 8, 10

*Rotunda v. Marriott Int'l, Inc.*,
  123 A.3d 980 (D.C. 2015) ........................................................................4, 5, 6, 7, 8, 10, 11

**Federal Statutes**

7 U.S.C. § 6501 *et seq.*.....................................................................................................14

28 U.S.C. § 1331 ........................................................................................................1, 14, 16

28 U.S.C. § 1332(11)(B)(ii)(3) .........................................................................................11

28 U.S.C. § 1332(d) ...........................................................................................................2

28 U.S.C.§ 1332(d)(1)(B) ...............................................................................................3, 8

28 U.S.C. § 1332(d)(2)(A) ................................................................................................11

28 U.S.C. § 1332(d)(5)(B) ................................................................................................12

28 U.S.C. § 1332(d)(6) ..................................................................................................12, 13

**State Statutes**

D.C. Code § 28-3905(k)(1)(C)........................................................................................9, 10

D.C. Code § 28-3905(k)(1)(D)(i).............................................................................4, 8, 9, 10, 11

iv

D.C. Code § 28-3905(k)(1)(D)(ii) .................................................................4

D.C. Code § 28-3905(k)(2)(A-F) ...................................................................7

D.C. Code § 3905(k)(2)(A)(i) .........................................................................7

D.C. Code § 3905(k)(2)(A)(ii) ........................................................................7

**Other Authorities**

D.C. Council Committee on Public Services and Consumer Affairs, Report on
   Bill 19-0581 (Nov. 28, 2012)......................................................................9

S. Rep. No. 109-14 (2005) ..............................................................................3

## INTRODUCTION

In its Motion to Remand to D.C. Superior Court, (ECF 7), Plaintiff Clean Label Project Foundation ("Plaintiff") argues that its Complaint should be remanded to D.C. Superior Court. However, Plaintiff is mistaken.  This Court possesses original jurisdiction pursuant to both the Class Action Fairness Act ("CAFA") and under federal question jurisdiction.

First, this Court possesses diversity jurisdiction because Plaintiff's Complaint satisfies all of the elements of CAFA.  Under controlling D.C. case law, Plaintiff's Complaint constitutes a "class action" subject to CAFA.  While Plaintiff attempts to argue that its Complaint, which seeks to represent a class of D.C. consumers, somehow does not constitute a "class action," both the relevant law and Plaintiff's own allegations make clear that it qualifies as such.  Outside of contesting whether the action constitutes a "class action," Plaintiff does not seriously contest whether the Parties are minimally diverse under CAFA nor does Plaintiff argue that its putative class does not contain at least 100 members.[1]  Finally, because CAFA *requires* that this Court aggregate the amount in controversy, and because Plaintiff does not contest how Defendant The Hain Celestial Group, Inc. ("Hain") arrived at its potential costs of complying with a judgment, at least $5,000,000 is at issue, meaning this Court has CAFA jurisdiction over the Complaint.

Alternatively, this Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint implicates significant federal issues.  Specifically, despite attempting to conceal its true purpose, Plaintiff's Complaint attempts to challenge whether the Product may be labeled and marketed as "organic" despite allegedly containing trace amounts of BPA.  As the prior suit of *Organic Consumers Association v. Hain Celestial Group, Inc.*, which

---

[1] Where a plaintiff does not dispute in a motion to remand Defendant's contentions, Plaintiff concedes those arguments.  *See Cannon v. Wells Fargo, N.A.*, 908 F. Supp. 2d 110, 114 (D.D.C. 2012) (citing *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003)).

1

involved a similar attack on the Product, made clear, Plaintiff's claim presents an obstacle to the accomplishment and execution of federal labeling law. As a result, Plaintiff's Complaint necessarily raises important issues of federal law belonging in federal court, and removal is appropriate.

Under either CAFA diversity jurisdiction or federal question jurisdiction, Plaintiff's Complaint belongs in federal court. As a result, this Court should deny Plaintiff's motion and proceed to the responsive pleading phase of this litigation.

## **ARGUMENT**

Removal of this matter is appropriate under this Court's CAFA jurisdiction. CAFA provides that federal courts have original jurisdiction over (i) a "class action", wherein (ii) any plaintiff is diverse from any defendant, (iii) there are at least 100 members in the putative class, and (iv) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 10 (D.D.C. 2017) (citation omitted). However, "[n]o antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *Bradford v. George Washington Univ.*, 249 F. Supp. 3d 325, 331 (D.D.C. 2017) (discussing the lack of an antiremoval presumption based on Congress' desire for "adjudication of certain class actions in federal court" (citation omitted)). Further, when determining the amount in controversy, "[a]bsolute certainty is not essential; it suffices that there is a present probability that the damages . . . meet the statutory requirement." *Comm. for GI Rights v. Callaway*, 518 F.2d 466, 472 (D.C. Cir. 1975). Indeed, "calculating the amount in controversy for purposes of the Class Action

Fairness Act is less a prediction of how much the plaintiffs are ultimately likely to recover than it is an estimate of how much will be put at issue during the litigation." *Lavelle v. State Farm Mut. Auto Ins. Co.*, 235 F. Supp. 3d 217, 224 (D.D.C. 2017) (citation and quotation marks omitted).

Plaintiff's lawsuit satisfies all of CAFA's requirements and is removable. The action constitutes a class action with over 100 putative class members, the Parties are minimally diverse, and Plaintiff's requests for both monetary and injunctive relief are in excess of $5 million combined, satisfying CAFA's jurisdictional requirements.

**I.      Plaintiff's Complaint Constitutes a "Class Action" Under D.C. Law and is Therefore Removable under CAFA.**

Despite Plaintiff's arguments to the contrary, this case constitutes a "class action" under D.C. law and is therefore removable under CAFA. Plaintiff argues that it "has not filed a class action suit under Rule 23 of the Federal Rules of Civil Procedure. Thus, this case is not a class action under Rule 23, nor are the jurisdictional requirements of Rule 23 applied." (ECF 7 at 4.) However, whether a case is explicitly brought under Rule 23 is irrelevant. Under CAFA, a class action is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure *authorizing* an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). Indeed, in drafting CAFA, the Senate Judiciary Committee stated that "the definition of 'class action' is to be interpreted liberally" and that it "should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority." S. Rep. No. 109-14, at 35 (2005). Rather, "lawsuits that resemble a purported class action should be considered class actions for the purposes of applying these provisions." *Id.* With this history in mind, Plaintiff's Complaint constitutes a "class action" for two distinct reasons: 1) Plaintiff seeks monetary relief, meaning its

Complaint is a "class action;" and 2) Plaintiff brings its Complaint under a section of D.C.'s consumer protection statute explicitly authorizing class actions.

> **A.**     **Because D.C. law requires a representative action seeking monetary relief be brought as a class action, this case meets CAFA's definition of a "class action."**

Under D.C. law, Plaintiff's Complaint constitutes a "class action" because it constitutes a representative action seeking monetary relief.   Whether an action under D.C.'s consumer protection law constitutes such a similar state statute is a question of D.C. law.   See *In re U-Haul Int'l, Inc.*, No. 08-7122, 2009 WL 902414, at *1 (D.C. Cir. Apr. 6, 2009) (per curium).   D.C. courts have confirmed that D.C.'s consumer protection law is indeed a statute that authorizes—and compels—a class action.   *See Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980, 989 (D.C. 2015); *see also Organic Consumers Ass'n v. General Mills, Inc.*, No. 2016 CA 6309 B, 2017 WL 2901210, at *5 (D.C. Super. Ct. Apr. 27, 2017).   The relevant section of D.C.'s consumer statute states: "public interest organizations may, on behalf of the interests of a consumer *or class of consumers*, bring an action seeking relief from the use by any person of a trade practice in violation of a law of the District if the consumer *or class* could bring an action under subparagraph (A) of this paragraph for relief from such use by such person or such trade practice."   D.C. Code § 28-3905(k)(1)(D)(i) (emphasis added).   Plaintiff explicitly brings its claim under D.C. Code § 28-3905(k)(1)(D)(i), which authorizes Plaintiff to bring its case as a class action.   (ECF 1-1 at ¶¶ 106, 110).   Indeed, Plaintiff specifically notes that it is bringing this lawsuit in a representative, class action fashion because it states that the statute it is suing under requires them to represent a "consumer or class of consumers" and "to adequately represent those interests."   (ECF 1-1 at ¶¶ 106, 107 (citing D.C. Code § 28-3905(k)(1)(D)(ii)).)

In response, Plaintiff seeks to rely on a series of cases from this Court to argue that D.C.'s consumer protection statute distinguishes representative actions as "separate and distinct

procedural vehicles." (ECF 7 at 5-6.) However, these cases, including *Zuchman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293 (D.D.C. 2013), *National Consumers League v. General Mills, Inc.*, 680 F. Supp. 2d 132 (D.D.C. 2010), and *Breakman v. AOL LLC*, 545 F. Supp. 2d 96 (D.D.C. 2008), were decided prior to *Rotunda* and are no longer a correct view of D.C. law. Because the question of whether a D.C. consumer protection law claim constitutes a class action under CAFA due to its reliance on a state statute similar to Rule 23 is a question of D.C. law, *see In re U-Haul*, 2009 WL 902414, at *1, *Rotunda* controls this Court's analysis.

The plaintiff in *Rotunda* brought a damages claim under D.C.'s consumer protection law on behalf of himself and the "general public," but attempted to affirmatively disclaim "any intention to seek class certification" under D.C.'s Rule 23. 123 A.3d at 982. However, the trial court dismissed plaintiff's "general public" claims and held that a D.C. consumer protection claim "brought by an individual on behalf of himself and other similarly situated members of the general public is ***in essence a class action***, whether pled as such or not, and must satisfy the requirements of Rule 23." *Id.* (emphasis added). On appeal, the D.C. Court of Appeals affirmed and held that there was "no unambiguous evidence, in the 2000 amendments or the supporting legislative history, that the Council meant to displace the Rule 23 framework in favor of improvised due process and management devices for a whole sub-set of representative actions." *Id.* at 988; *see also id.* (holding there was no evidence that D.C.'s Council "repealed [Superior Court Civil Rule 23's] application to representative suits under the CPPA"). The court further held that it feared "deep uncertainty . . . would beset the effort to regulate CPPA actions on behalf of 'the general public' outside Rule 23's framework." *Id.* at 986. As a result, the D.C. Court of Appeals held that "the necessary vehicle for suits seeking class-wide damages remains Rule 23." *Id.* at 989; *compare* Fed. R. Civ. P. 23 *with* D.C. Super. Ct. R. 23.

Decisions from this Court subsequent to *Rotunda* have made clear that representative actions under D.C.'s consumer protection are subject to D.C.'s Rule 23, whether styled as a "class action" or a suit brought on behalf of the "general public." *See, e.g.*, *Alston v. Whole Foods Mkt. Grp.*, No. 17-2580, 2018 WL 2561041, at *1 (D.D.C. Apr. 13, 2018) (applying *Rotunda* and holding that "Federal Rule of Civil Procedure 23 applies to DCCPPA actions under D.C. law"); *see generally Ford v. Chartone, Inc.*, 908 A.2d 72, 78 (D.C. 2006).   Jurisdictions with similar statutes have held the same.   *Cf. Song v. Charter Commc'ns Inc.*, No. 17cv325 JM (JLB), 2017 WL 1149286, at *1 n.1 (S.D. Cal. Mar. 28, 2017) (holding that while plaintiff "did not style his complaint as a class action," actions brought on behalf of California consumers "resemble a purported class action" and "should be considered class actions" under CAFA).   That, of course, comports with the requirement that, as a decision from D.C.'s highest court, *Rotunda* represents controlling law and is entitled to deference despite earlier case law from this Court to the contrary. *See, e.g.*, *Williams v. Martinez*, 586 F.3d 995, 1001 (D.C. Cir. 2009) ("[O]n questions of District of Columbia law, this court defers to the D.C. Court of Appeals."); *In re U-Haul*, 2009 WL 902414, at *1 ("[T]he local courts should determine how this action, purported to be a non-class representative action, should proceed."); *Congress v. D.C.*, 324 F. Supp. 3d 164, 173 (D.D.C. 2018) (holding courts should respect the "deference owed to the D.C. Court of Appeals on matters of D.C. law" and "accord[] considerable persuasive weight to the conclusion of the D.C. Court of Appeals, as to the final authority on D.C. law").

While Plaintiff seeks to distinguish its suit from *Rotunda*, such distinctions fail when Plaintiff ultimately ***does*** seek recovery of damages.   Plaintiff claims that *Rotunda* "dealt specifically with an action seeking 'statutory or actual damages' for the general public and not one for injunctive relief as pled in the instant case." (ECF 7 at 7.) Plaintiff further claims that "seeking

6

injunctive relief on behalf of the general public does not implicate the class action framework."
(ECF 7 at 7.)  However, these distinctions are of no moment when Plaintiff's Complaint clearly
seeks damages, including punitive damages and statutory damages.  For instance, Plaintiff, in its
Complaint, requests punitive damages.  (ECF 1-1 at 19, ¶ E.)  "Punitive damages are properly
considered as part of the amount in controversy."  *McQueen v. Woodstream Corp.*, 672 F. Supp.
2d 84, 88 (D.D.C. 2009) (citation omitted); *see also Paleteria La Michoacana, Inc. v. Productos
Lacetos Tocumbo S.A. De C.V.*, 79 F. Supp. 3d 60, 72 (D.D.C. 2015) (holding punitive damages
to be "a form of monetary relief").  Further, Plaintiff in its Complaint requests "the remedies
available under D.C. Code § 28-3905(k)(2)(A-F)."  (ECF 1-1 at 19.)  Those remedies explicitly
include actual damages, D.C. Code § 3905(k)(2)(A)(ii), as well as "[t]reble damages, or $1,500
per violation, whichever is greater."  D.C. Code § 3905(k)(2)(A)(i).  Plaintiff could have chosen
not to ask for these remedies for monetary relief in its Complaint.  But it did, and those requests
have consequences.  Notably, Plaintiff ignores these requested remedies in its Motion to Remand
and does not even attempt to argue that these requests are not for actual damages.  Because Plaintiff
plainly brings an "action for damages," *Rotunda* applies.

Finally, Plaintiff attempts to rely on *Animal Legal Defense Fund v. Hormel Foods Corp.*,
249 F. Supp. 3d 53 (D.D.C. 2017), but it is distinguishable.  Indeed, in *Animal Legal Defense
Fund*, defendant conceded that plaintiff brought a claim solely for injunctive relief and not
damages, but still "invite[d] the Court to extend the *Rotunda* decision to such suits."  *Id.* at 65.
Indeed, the Complaint in *Animal Legal Defense Fund* neither requested punitive damages nor the
remedies available under D.C. Code § 28-3905(k)(2)(A-F), like Plaintiff does here.[2]  *Id.* at 56
(discussing plaintiff's request for injunctive relief, attorneys' fees, and interest).  The *Animal Legal*

---

[2] The same is true for the *Hackman v. One Brands, LLC* case that Plaintiff relies on in its Motion to Remand.  *Hackman*
is thus distinguishable for the same reason *Animal Legal Defense Fund* is.

*Defense Fund* court declined to extend *Rotunda*, holding that "*Rotunda* related to suits for damages, not for the type of injunctive relief sought here." *Id.* at 64-65.  While at least one D.C. court has questioned the *Animal Legal Defense Fund* court's reasoning, *see Organic Consumers Ass'n v. General Mills, Inc.*, 2017 WL 2901210, at *4, it is ultimately immaterial since Plaintiff here affirmatively seeks monetary relief, meaning that *Rotunda* governs removal.  *Rotunda* makes clear that, when a representative action on behalf of the general public seeks monetary relief, it proceeds within Rule 23's framework. As a result, Plaintiff's Complaint constitutes a "class action" and is subject to removal under CAFA.

> **B.     Because Plaintiff made the decision to bring its claim under D.C. Code § 28-3905(k)(1)(D)(i), which expressly authorizes actions on behalf a class of consumers, this case is a "class action."**

Where Plaintiff explicitly brings its claim under a statute authorizing a class action, such an action is removable under CAFA.  CAFA provides for removal in instances where plaintiff relies on a "State statute . . . authorizing an action to be brought . . . as a class action."  28 U.S.C. § 1332(d)(1)(B).  It cannot be disputed that D.C. Code § 28-3905(k)(1)(D)(i) is a state statute authorizing actions to be brought as class actions:  "[P]ublic interest organizations may, ***on behalf of the interest of a consumer or a class of consumers***, bring an action seeking relief" under D.C.'s consumer protection statute.   D.C. Code § 28-3905(k)(1)(D)(i) (emphasis added). The unambiguous language of both the federal removal statute and D.C.'s consumer protection law make clear, therefore, that actions brought under D.C. Code § 28-3905(k)(1)(D)(i) are removable. And, where unambiguous statutory language exists, "legislative history . . . need not be consulted when, as here, the statutory text is unambiguous." *United States v. Woods*, 571 U.S. 31, 46 n.5 (2013).  Indeed, legislative history "can't overcome a statute's clear text and structure." *Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1915 (2019).  "[P]lain and unambiguous" law must be

enforced "according to its terms." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010).

Despite this, Plaintiff seeks to rely on the D.C. consumer protection statute's legislative history to distract from the statute's plain language. (ECF 7 at 12-13.) However, even in doing this, Plaintiff focuses on legislative history from 2000, which proves to be more than a decade prior to the passage of D.C. Code § 28-3905(k)(1)(D)(i). In fact, in enacting the statute, the D.C. Council's committee report for the statute adding D.C. Code § 28-3905(k)(1)(D)(i) actually differentiates between actions brought by plaintiffs "as the representative of a class of consumers" and those brought "individually," "jointly with other consumers," or "as a private attorney general on behalf of the general public." D.C. Council Committee on Public Services and Consumer Affairs, Report on Bill 19-0581, at 4 (Nov. 28, 2012). This makes it clear: invoking D.C. Code § 28-3905(k)(1)(D)(i), as Plaintiff does in its Complaint, has consequences. Doing so takes Plaintiff's claims out of the realm of a mere "individual," "jointly with other consumers," or "private attorney general on behalf of the general public" suit and into the realm of a class action per the explicit language of D.C. Code § 28-3905(k)(1)(D)(i). Plaintiff is the one who explicitly invoked this provision authorizing suit on behalf of "a class of consumers;" it cannot now disavow its own Complaint. As a result, and despite Plaintiff's arguments to the contrary, the legislative history of D.C. Code § 28-3905(k)(1)(D)(i) makes it clear that the D.C. Council ***intended*** for the statute to contemplate actions brought on behalf of a class of consumers, making them removable under CAFA.

Additionally, Plaintiff's attempts to cast its Complaint as brought under D.C. Code § 28-3905(k)(1)(C) does not affect this Court's removal analysis given that Plaintiff, as the master of its Complaint, also brought a claim pursuant to D.C. Code § 28-3905(k)(1)(D)(i). This Court has

previously held that the plaintiff "should have recognized that the defendant could exercise its statutory right of removal" given the complaint as pleaded. *See Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 120 (D.D.C. 2014). So too here.

It is further axiomatic that if a "court has original jurisdiction over a single claim in the complaint," than the action may be removed, and that "[t]he presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 500 (2005). Courts considering the issue have held that the court may exercise supplemental jurisdiction over non-class complaints provided that the complaint contains some claims subject to CAFA removal. *See, e.g.*, *F5 Capital v. Pappas*, 856 F.3d 61, 81 (2d Cir. 2017); *Brown v. Mort. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933-34 (8th Cir. 2013); *Coll. of Dental Surgeons of Puerto Rico v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 40-41 (1st Cir. 2009). As a result, because Plaintiff made the affirmative decision to bring a claim under D.C. Code § 28-3905(k)(1)(D)(i), it is immaterial that Plaintiff also brought its complaint under D.C. Code § 28-3905(k)(1)(C). The Complaint remains subject to CAFA jurisdiction and is removable.

Finally, Plaintiff's reliance on outdated and/or inapplicable case law should be discarded by this Court. For instance, none of *Breakman*, *Zuckman*, *General Mills*, or *Animal Legal Defense Fund* were brought under D.C. Code § 28-3905(k)(1)(D)(i) and make no citation to the statute central to the analysis here. Further, like *Breakman*, *Zuckman*, and *General Mills*, Plaintiff's reliance on *National Consumer League v. Flowers Bakeries LLC*, 36 F. Supp. 3d 26 (D.D.C. 2014), fails to account for the subsequent controlling opinion in *Rotunda*. Indeed, Plaintiff fails to provide substantive case law to this Court of opinions counseling against jurisdiction that are both post-

*Rotunda* and invoking D.C. Code § 28-3905(k)(1)(D)(i).  Because *Rotunda* controls, this matter is clearly removable.

### C.    Plaintiff's "mass action" argument is also unavailing

Plaintiff's argument that "CAFA carves out an exception for private attorney general suits akin to" the Complaint, (ECF 7 at 10-11), is unpersuasive on the question of whether the Complaint is removable as a "class action" for the same reasons as articulated in Section I.B.  Plaintiff's own Complaint invokes D.C. Code § 28-3905(k)(1)(D)(i), which authorizes suit on behalf of "a class of consumers."  The exception Plaintiff relies on explains that the exception does not apply to cases on behalf of "members of a purported class." 28 U.S.C. § 1332(11)(B)(ii)(3).  Since Plaintiff's Complaint clearly constitutes a "class action," it is removable under CAFA and jurisdiction is appropriate.

## II.    CAFA's Remaining Jurisdictional Requirements Are Satisfied.

Plaintiff devotes most of its energy to whether its Complaint qualifies as a "class action," and does not seriously dispute that the remaining jurisdictional requirements of CAFA are satisfied. Because the Parties are minimally diverse, the putative class is sufficiently numerous, and there is at least $5 million at issue, this Court has CAFA diversity jurisdiction.

### A.    The Parties are minimally diverse.

Plaintiff does not contest that the Parties are minimally diverse, and, in fact, they are. CAFA diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Here, Plaintiff seeks to represent class members who are citizens of Washington, D.C., while Hain is incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.  (ECF at ¶¶ 45, 106.)  As a result, CAFA's minimum diversity requirement is satisfied.

**B.      Plaintiff's putative class satisfies CAFA's numerosity requirement.**

Similarly, Plaintiff fails to rebut Hain's argument that the putative class satisfies CAFA's numerosity requirement.  CAFA requires that a putative class include at least 100 members.  28 U.S.C. § 1332(d)(5)(B).  While Plaintiff fails to define the size of its putative class, as detailed in Hain's Notice of Removal, Hain estimates that it sold at least 2,000 units of the Product within the relevant limitations period.  (ECF 1 at ¶ 16.)  As a result, and because Plaintiff does not rebut these figures, this Court may reasonably infer that the relevant putative class exceeds 100 individuals within Washington, D.C. during the limitations period, satisfying CAFA.

**C.      More than $5 million is in controversy.**

Because Plaintiff does not contest Hain's calculation of the amount in controversy, and because CAFA mandates that this Court aggregate damages, CAFA's jurisdictional minimum is satisfied.  In a class action, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(6).  Thus, CAFA requires that this Court "add[] up the value of the claim of each person who falls within the definition of the proposed class."  *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).  In determining the amount in controversy, the removing party need only "offer a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.   "Evidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id*.  Since Plaintiff does not substantively contest the amount in controversy, Hain need not submit specific evidence establishing the amount in controversy and realleges the amounts in controversy contained in its Notice of Removal based on Plaintiff's prayer for injunctive relief, a corrective advertising campaign, punitive damages, attorneys' and experts fees,

and statutory damages.  (*See* ECF 1 at ¶¶ 22-29.)  Taken together, these amounts clearly exceed

$5,000,000.  (*See* ECF 1 at ¶¶ 22-29.)

Instead, Plaintiff devotes a single footnote arguing that these damages calculations cannot

be aggregated against the putative class.  (ECF 7 at 13 n.22.)  Plaintiff's argument, however, first

ignores that CAFA explicitly requires that damages "***shall be aggregated*** to determine whether

the amount in controversy exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(6)

(emphasis added).  As a result, the Supreme Court has mandated that this Court "add[] up the value

of the claim of each person who falls within the definition of the proposed class."  *Std. Fire Ins.*

*Co. v. Knowles*, 568 U.S. 588, 592 (2013).  Plaintiff incorrectly relies on non-CAFA jurisprudence

to oppose aggregation,[3] despite the fact that "CAFA eliminates the general rule of non-aggregation

for purposes of determining the amount in controversy."  *Steinberg v. Nationwide Life Mut. Ins.*

*Co.*, 418 F. Supp. 2d 215, 218 (E.D.N.Y. 2006); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506,

511 n.2 (7th Cir. 2006) (holding that CAFA "did away with the nonaggregation rule").  Thus, both

the statute and the Supreme Court require that this Court aggregate the amount in controversy

when determining the amount in controversy when removal is under CAFA.  Indeed, courts in this

District have routinely held that class claims may be aggregated under CAFA along with claims

for punitive damages and attorneys' fees.  *See, e.g.*, *Pleznac v. Equity Residential Management,*

*L.L.C.*, No. 17-cv-2732 (CRC), 2018 WL 10196622, at *3 (D.D.C. May 8, 2018) (holding CAFA

jurisdictional minimum met by aggregating statutory damage claims and before even aggregating

punitive damages and attorneys' fees); *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 139-40

---

[3] The two cases cited by Plaintiff, *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015), and *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (and the entire non-aggregation jurisprudence in this Court), both relate only as to diversity jurisdiction and whether the $75,000 amount-in-controversy threshold has been met.  This is because, as stated *infra*, the non-aggregation principle does not apply to cases invoking CAFA jurisdiction.  Thus, the non-aggregation principle and the cases cited by Plaintiff for that proposition do not apply here.

13

(D.D.C. 2015) (aggregating requested class relief); *Cannon*, 908 F. Supp. 2d at 1113-14 (accord). Since Plaintiff does not contest that amount itself, and because Plaintiff seeks class relief on behalf of a putative class of D.C. consumers, more than $5,000,000 is in controversy and CAFA jurisdiction is satisfied.

**III.    Alternatively, Plaintiff's Complaint is Removable Under 28 U.S.C. § 1331.**

Finally, even if this Court determines that Plaintiff's Complaint does not constitute a "class action," removal is appropriate because the Complaint implicates significant federal issues. Specifically, Plaintiff *inter alia* seeks to challenge whether the Product may be labeled and marketed as "organic" under the Organic Food Product Act of 1990 ("OFPA"), 7 U.S.C. § 6501 *et seq.*, and federal regulations.   Despite not making explicit references to the OFPA or federal law, Plaintiff's Complaint is replete with references to the use of "organic" in the Product's labeling and marketing.   (ECF 1-1. at ¶ 16 (depicting "Organic Dairy" labeling claim); ¶ 17 (depicting "30 Years of Organic" claim); ¶ 26 (identifying the Product as "Organic Dairy" product); ¶ 69 (identifying "you can feel good knowing there is an organic choice-Earth's Best Organic" labeling claim); ¶ 71 (depicting "30 Years of Organic" claim); ¶ 72 (identifying and depicting "Nurture your growing baby with only the purest, natural, organic products from Earth's Best" marketing claim); ¶ 79 (identifying the Product as "Organic Dairy" product).)

Indeed, the opening paragraph of Plaintiff's Complaint proudly proclaims that it targets "the deceptive labeling, marketing, and sale of Earth's Best Organic Dairy Infant Formula with Iron – Milk Based Powder." (ECF 1-1 at 1.)  Plaintiff's newfound claim that it actually brought a suit regarding whether the Product is "adulterated" is simply wrong. (ECF 7 at 14.)  Plaintiff, by its own pleading, brings a false labeling suit, and the only relevant labeling and marketing claim

14

is whether the product can be considered "organic."[4] In fact, Plaintiff's Complaint appears to be a thinly-veiled recasting of *Organic Consumers Association v. Hain Celestial Group, Inc.*, 285 F. Supp. 3d 100 (D.D.C. 2018).  In that suit, this Court held that plaintiff's attempts to challenge whether Hain's Earth's Best infant and toddler formulas were mislabeled as "organic" were federally preempted: "To allow private suit under the [D.C.'s consumer protection law] for violations of the OFPA presents an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 108.  Plaintiff's Complaint references no other labeling and marketing claim other than "organic" that would imply a lack of BPA in the Product itself (as opposed to the packaging), meaning that it must be the claim Plaintiff alleges is deceptive.

Under Supreme Court precedent, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).  Under *Grable*, a federal court may exercise federal question jurisdiction over a state law claim where: 1) the "state-law claim necessarily raise[s] a stated federal issue"; 2) the federal issue is "actually disputed and substantial"; and 3) the exercise of federal jurisdiction will not "disturb [] any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.  In this action, Plaintiff's repeated references to Hain's "organic" labeling and marketing claims make clear that adjudication of Plaintiff's D.C. consumer protection claim necessarily implicates and raises a federal issue: whether the Product may be labeled and marketed as "organic" despite allegedly containing *de minimis* amounts of BPA. Indeed, as the *Organic Consumers Association* court held, Plaintiff's suit "presents an obstacle to

---

[4] Plaintiff's Complaint makes a single reference to a marketing claim that the Product's packaging does not contain BPA.  (ECF 1-1 at ¶ 18.)  However, Plaintiff alleges the Product ***itself*** contains BPA, not the Product's packaging.  As a result, this packaging claim cannot be the relevant alleged misrepresentation.

the accomplishment and execution of the full purposes and objectives of Congress" in passing the OFPA.  285 F. Supp. 3d at 108.  As a result, Plaintiff's Complaint necessarily raises "an important issue of federal law that sensibly belongs in a federal court," *Grable*, 545 U.S. at 315, and removal is appropriate pursuant to 28 U.S.C. § 1331.

## **CONCLUSION**

WHEREFORE, Hain respectfully requests that this Court deny Plaintiff's motion to remand.[5]

Dated:  December 21, 2020

Respectfully submitted,

/s/ A. Wolfgang McGavran
A. Wolfgang McGavran (DC Bar No. 241891)
**MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**
2001 K Street N.W., Suite 400
Washington, D.C. 20006-1040
(202) 857-2471
(202) 828-2971 (facsimile)
wmcgavran@mcguirewoods.com

***Counsel for The Hain Celestial Group Inc.***

---

[5] A proposed order is attached hereto as **Exhibit A**.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>December 21, 2020</u>, a true and correct copy of the foregoing instrument was electronically filed using the CM/ECF system, and also served by the CM/ECF system to all counsel of record who have consented to electronic service.


*/s/ A. Wolfgang McGavran*
A. Wolfgang McGavran (DC Bar No. 241891)