**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLEAN LABEL PROJECT FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> THE HAIN CELESTIAL GROUP, INC., <br><br> Defendant. | Case No. <u>1:20-cv-03154 (KBJ)</u> <br><br> The Honorable Ketanji Brown Jackson |

<u>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO**</u>
<u>**PLAINTIFF'S MOTION TO REMAND TO D.C. SUPERIOR COURT**</u>

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 4

ARGUMENT .................................................................................................................. 6

   I.   Defendant is Incorrect that *Rotunda v. Marriott Int'l* Overturned a Number of Decisions and Now Makes D.C. CPPA Representative Actions Removable Under CAFA ....................... 6

     1.   Citing to D.C. Code § 28-3905(k)(1)(D) and D.C. Code 28-3905(k)(2) in the Complaint to Demonstrate Nexus to the Interests of the General Public for Standing and to Seek Appropriate, Available Relief Under the D.C. CPPA Does Not Convert this Case Into a Class Action Lawsuit. .................................................................................................... 8

     2.   This Case Does Not Meet the Hallmarks of a Class Action Lawsuit under Rule 23 or CAFA, Nor Does it Meet Federal Diversity Jurisdiction Requirements. ............................ 10

     3.   Requesting Individual Statutory and Punitive Damages Do Not Convert a CPPA Action into a Class Action Because Those Damages Cannot be Aggregated and are Apportioned to Each Consumer. ........................................................................................ 13

     4.   Defendant Misstates the Authorities It Cited to Support Remand ............................ 15

   II.   Removal Is Not Appropriate As Plaintiff CLP Brings Only State-Law Claims and Has Raised No Federal Question ........................................................................................ 16

CONCLUSION ............................................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*Alston v. Whole Foods Mkt. Grp*., No. 17-2580, 2018 WL 2561041 (D.D.C. Apr. 13, 2018)........15

*Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. Apr. 5, 2017)....8, 13

*Apton v. Volkswagen Group of Am., Inc.*, 233 F. Supp. 3d 4 (D.D.C. 2017) .............................6, 14

*Breakman v. AOL LLC*, 545 F. Supp. 2d 96 (D.D.C. 2008) ......................................................passim

*Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017) ..........................13

*Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49 (D.D.C. 2012)......................................................6

*Clean Label Project Found. v. Panera, LLC*, No. 2019 CA 001898 B, 2019 D.C. Super. LEXIS 14
(D.C. Super. Ct. Oct. 11, 2019) ...............................................................................................21, 22

*Ford v. Chartone, Inc.*, 908 A.2d 72 (D.C. 2006) .........................................................................16

*Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635 (D.D.C. Apr.
1, 2019).......................................................................................................................................passim

*Healy v. Ratta*, 292 U.S. 263 (1934)..............................................................................................13

*National Consumer League v. Flowers Bakeries LLC,* 36 F. Supp. 3d 26 (D.D.C. 2014)........11, 13

*National Consumers League v. Bimbo Bakeries*, 46 F. Supp. 3d 64 (D.D.C. 2014) .....................13

*Nat'l Consumers League v. General Mills, Inc*., 680 F. Supp. 3d 132 (D.D.C. 2010) ...................13

*Nat'l Consumers League v. Gerber Prods. Co.*, No. 2014 CA 008280 B, 2015 D.C. Super. LEXIS
10 (D.C. Super. Ct. Aug. 5, 2015)........................................................................................19, 20, 21

*Organic Consumers Ass'n v. Hain Celestial Group, Inc.*, 285 F. Supp. 3d 100 (D.D.C. 2018) .....16

*Rotunda v. Marriott Int'l, Inc*., 123 A.3d 980 (D.C. 2015)....................................................7, 8, 15

*Smith v. Abbott Labs, Inc*., No. 16-cv-501, 2017 U.S. Dist. LEXIS 135478 (D.D.C. Mar. 31, 2017)
.............................................................................................................................................................7, 8

*Snyder v. Harris*, 394 U.S. 332 (1969) ..........................................................................................12

*Toxin Free USA v. J.M. Smucker Co.*, No. 20-cv-1013 (DLF), 2020 U.S. Dist. LEXIS 222520
(D.D.C. Nov. 30, 2020) ..............................................................................................................passim

*Zahn v. Int'l Paper Co.*, 414 U.S. 291 (1973) ...............................................................................12

*Zuckman v. Monster Beverage Corp.,* 958 F. Supp. 2d 293 (D.D.C 2013)..........................7, 11, 13

**Federal Statutes**

28 U.S.C. § 1332(d)......................................................................................................................passim

Organic Food Product Act of 1990 ("OFPA"), 7 U.S.C. § 6501 *et seq.* ........................................16

FRCP 23 .......................................................................................................................................passim

**State Statutes**

D.C. Code § 28-3901*et seq.*...................................................................................................4, 5, 17

D.C. Code §48-103 *et seq* ...............................................................................................................17

D.C. Code § 28-3905 ........................................................................................................4, 9, 10, 14

D.C. Code 28-3905(k)(2).........................................................................................................2, 9, 14

D.C. Code 28-3905(k)(1)(D)....................................................................................................2, 9, 10

D.C. ST § 8-108.01 .........................................................................................................................19

Maryland: MD Code, Health - General, § 24-304 ..........................................................................19

**Rules**

D.C. Rules of Professional Conduct 3.3(a)........................................................................................7

**Other Authorities**

8 D.C. Practice Manual, Consumer Protection, 19 (2013) .............................................................13

COMES NOW the Plaintiff Clean Label Project Foundation ("Plaintiff" or "CLP"), by and through counsel, respectfully submits this Reply to the Defendant The Hain Celestial Group Inc.'s Response in Opposition to Plaintiff's Motion to Remand to D.C. Superior Court [ECF 9] and moves this Court to remand this case back to the D.C. Superior Court, and as grounds therefore state:

## INTRODUCTION

Plaintiff Clean Label Project Foundation categorically pleads this matter as a representative action and *not* a class action lawsuit.  No amount of the Defendant's say-so to misconstrue this case can transmute this representative action into a class action lawsuit. Plaintiff brings this representative action authorized under the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.* ("CPPA") .  This D.C. CPPA action was brought on behalf of the general public and seeks injunctive relief for the residents of the District of Columbia against the Defendant's deceptive advertising:  Defendant was found to have falsely marketed its Earth's Best Organic Dairy Infant Formula with Iron ("Product") as "BPA-free" when Plaintiff CLP uncovered that the Product was tainted with BPA (bisphenol-A) under certified laboratory testing.  *See* Exhibit 1, Compl. at 15-19.  Thus, this representative action properly belongs in the D.C. Superior Court as provided under the D.C. CPPA statute.  *See* D.C. Code § 28-3901 *et seq.*  The Class Action Fairness Act ("CAFA") does not apply, nor is its requirements regarding a minimum quota of 100 putative class members relevant to this case because there is no class; it is obvious that there is only one named Plaintiff in this representative action, the Clean Label Project Foundation.  28 U.S.C. § 1332(d).  The amount in controversy, as stated in the Complaint and must be taken as true at this stage, "does not exceed the federal standard", and is in reality far below the seventy-five thousand ($75,000) threshold required for

federal jurisdiction.[1]  *See* Ex. 1, Compl. at 1, 5, 8 n.13 & 13 (stating that Plaintiff CLP purchased units of Earth Best Infant Formula for the purpose of independent laboratory testing). Defendant's allegations that the amount in controversy is over five million ($5,000,000) dollars is an extreme exaggeration based on aggregating speculative costs to the Defendant, and such aggregation of baseless numbers to inflate the amount in controversy is disallowed in prior case law.  *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 102-08 (D.D.C. 2008).

On the issue of federal question, Defendant argues that the Plaintiff's claim against Defendant's deceptive marketing of "BPA-free" infant formula that is adulterated with BPA is equivocal to claiming that the formula is not "organic" and thus should be preempted by federal labeling laws.  To be clear, Plaintiff makes zero claims or allegations regarding whether Defendant's Earth Best infant formula is organic.  An asserted defense of federal preemption does not give rise to federal jurisdiction.  Plaintiff CLP is not alleging that it is unacceptable to have any substances that would render Defendant's infant formula not "organic."  Rather, Plaintiff is contending that the presence BPA in Earth's Best infant formula contradicts what a reasonable consumer would expect in an infant formula marketed as "BPA-free", as a consumer possesses the statutory right to be free from improper trade practices under the D.C. CPPA.  *See* § 28-3904.  Accordingly, Defendant's

---

[1] A canister of Earth's Best Organic Dairy Infant Formula with Iron - Milk-Based Powder (35 oz) costs approximately $40 per unit and Plaintiff expended no more than $320 total in purchasing units of this product for laboratory testing.  Under the D.C. CPPA, a hypothetical statutory award would be no more than $1,500 x 8 (units) = $12,000.  § 28-3905(k)(2) ("Any claim under this chapter shall be brought in the Superior Court of the District of Columbia and may recover the following remedies: (A) Treble damages or $1,500 per violation, whichever is greater, payable to the consumer.").  Moreover, the cost of injunctive relief cannot be calculated based on the cost-to-defendant test, and punitive damages and conjectures about attorney's fees or expert costs cannot be aggregated to meet the amount-in-controversy requirement.  *See Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 102-108 (D.D.C. 2008).  Thus, Defendant's diversity jurisdiction argument fails entirely.  28 U.S. Code § 1332.

claim that Plaintiff's allegations are precluded by federal law is without merit.

The body of case law cited by Plaintiff, decided by judges from this Court, constitutes the key, persuasive authority in holding that representative actions under D.C. CPPA are separate and distinct from federal class actions under CAFA. Courts "must resolve any ambiguities concerning the propriety of removal in favor of remand." *Apton v. Volkswagen Group of Am., Inc.*, 233 F. Supp. 3d 4, 11 (D.D.C. 2017) (citing *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012)). In sum, this case should be remanded back to the D.C. Superior Court as the Defendant has presented no colorable argument and has failed to carry its burden of proof for removal to federal court based on either CAFA diversity jurisdiction or federal question jurisdiction. *Apton*, 233 F. Supp. 3d at 11.

## ARGUMENT

I. **Defendant is Incorrect that *Rotunda v. Marriott Int'l* Overturned a Number of Decisions and Now Makes D.C. CPPA Representative Actions Removable Under CAFA**

In the Defendant's Response in Opposition to Plaintiff's Motion to Remand to D.C. Superior Court [ECF 9], Hain Celestial Group misinforms this Court that the key legal authorities cited by the Plaintiff addressing the issue of remand have been overturned. Defendant egregiously misstated that *Breakman* and *Zuckman* are "no longer a correct view of D.C. law" and are "outdated" because they were decided before *Rotunda v. Marriott Int'l*, which allegedly stands for the proposition that any representative actions brought under the CPPA seeking "monetary relief" are "compelled" to be converted into a class action lawsuit. *See* ECF 9, Def. Resp. in Opp. at 4-5, 10; *Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980, 982 (D.C. 2015); *Breakman v. AOL LLC*, 545 F. Supp 2d 96, 101 (D.D.C. 2008); *Zuckman v. Monster Beverage*

6

*Corp.*, 958 F. Supp. 2d 293, 304-305 (D.D.C 2013).  This is untrue.[2]  In a series of cases

subsequent to *Rotunda*, not only do the courts continue to uphold *Breakman* and *Zuckman* and

refuse to convert D.C. CPPA representative cases into class actions, but the later decisions also

strictly limit the ruling in *Rotunda* to *only* D.C. CPPA cases that attempt to seek damages on

behalf of the general public.  *Compare Rotunda*, 123 A.3d at 982, 988-989 (holding that CPPA

representative actions for damages on behalf of class-members fall under Rule 23); *with Animal*

*Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 60-61, 64-65 (D.D.C. Apr. 5, 2017)

(refusing to extend *Rotunda*'s limited holding to include D.C. CPPA suits for injunctive relief

and declining to convert them into class actions); *and*, *Hackman v. One Brands, LLC*, No. 18-

2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *11-13 (D.D.C. Apr. 1, 2019); *and*, *Toxin Free*

*USA v. J.M. Smucker Co*., No. 20-cv-1013 (DLF), 2020 U.S. Dist. LEXIS 222520, at *5-8

---

[2] In fact, based on a reasonably diligent inquiry, Defendant's claim that *Breakman* and *Zuckman* are "no longer a correct view of D.C. law" is so clearly contrary to what the later case law actually state that the Defendant's representation demonstrates a serious lack of candor to this tribunal, and should be examined under Rule 3.3 of the District of Columbia Rules of Professional Conduct, where "a lawyer shall not [knowingly make] a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. . . .".  *See* D.C. Rules of Professional Conduct 3.3(a); *see also*, *Animal League Def. Fund v. Hormel Foods Corp.*, 249 F. Supp 3d 53, 60-61, 64-65 (D.D.C. 2017) (citing to *Zuckman* and *Breakman* and holding that CAFA jurisdiction does not apply when a D.C. CPPA claim was brought on behalf of the general public and not filed as a class action, limiting *Rotunda* to cases that seek class-wide damages); *Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *11-13 (D.D.C. Apr. 1, 2019) (following *Zuckman* and *Breakman* and declining to apply *Rotunda* to convert the plaintiff's claim into class action when plaintiff is not seeking class certification); *Smith v. Abbott Labs, Inc*., No. 16-cv-501, 2017 U.S. Dist. LEXIS 135478, at *2-5 (D.D.C. Mar. 31, 2017) ("Under Abbott's theory, this means that the District Court's earlier cases addressing the removability of DCCPPA actions are abrogated . . . .  Abbott reads Rotunda too broadly"); *and see*, *Toxin Free USA v. J.M. Smucker Co*., No. 20-cv-1013 (DLF), 2020 U.S. Dist. LEXIS 222520, at *7-8 (D.D.C. Nov. 30, 2020) (citing to *Zuckman* in support of remanding the case and limiting *Rotunda* because the plaintiff sought injunctive relief and not damages on behalf of the general public).  Similarly, no cases from the United States Court of Appeals for the District of Columbia Circuit have invalidated any portion of *Zuckman* or *Breakman*.  *Breakman*, 545 F. Supp. at 101-102; *Zuckman*, 958 F. Supp. 2d at 304-306.

(D.D.C. Nov. 30, 2020)*; and*, *Breakman*, 545 F. Supp. 2d at 101-102; *and*, *Zuckman*, 958 F.

Supp. 2d at 304-306.

In a November 2020 decision from this Court, *Toxin Free USA v. J.M. Smucker Co.*,

Judge Friedrich analyzed this very issue regarding whether *Rotunda*, 123 A.3d at 985-89 renders

D.C. CPPA representative actions removable under CAFA:

> In a final attempt to secure CAFA jurisdiction, the defendants point to the District
> of Columbia Court of Appeals' decision in *Rotunda v. Marriott International,
> Inc*., which held that a plaintiff bringing a representative suit for damages under
> the DCCPPA must comply with Rule 23's requirements. *See* 123 A.3d 980, 985-
> 89 (D.C. 2015). The defendants argue that this decision requires Toxin Free to
> bring this case "within the Rule 23 framework," and thus, it qualifies as a class
> action under CAFA . . .  But this is an overly broad reading of *Rotunda*, which
> limited its holding to claims for damages. *See Rotunda*, 123 A.3d at 989; *see also
> Hackman*, 2019 U.S. Dist. LEXIS 55635, 2019 WL 1440202, at *4-5 (limiting
> Rotunda to suits for money damages); *Smith v. Abbott Labs, Inc.*, No. 16-cv-501,
> 2017 U.S. Dist. LEXIS 135478, 2017 WL 3670194, at *2 (D.D.C. Mar. 31, 2017)
> (same). And the Rotunda court's concern—that not requiring compliance with
> Rule 23 would preclude members of the public from asserting their own claims
> for damages, *see Rotunda*, 123 A.3d at 986—does not apply here, *see Animal
> Legal Def. Fund*, 249 F. Supp. 3d at 65 (D.D.C. 2017), because Toxin Free seeks
> injunctive relief and not damages on behalf of the general public, *see* Compl. at
> 18. Regardless, whether "this case must be litigated as a class action is a merits
> question to be assessed at the motion to dismiss stage." *Hackman*, 2019 U.S. Dist.
> LEXIS 55635, 2019 WL 1440202, at *5 (alterations and internal quotation marks
> omitted). Because Toxin Free did not bring this case as a class action under Rule
> 23, and the defendants have not shown that D.C. law requires treating it as such,
> CAFA does not confer federal jurisdiction.

*Toxin Free USA*, 2020 U.S. Dist. LEXIS 222520, at *5-8.  Like *Toxin Free USA*, because

Plaintiff CLP does not seek monetary damages on behalf of the general public, but only

injunctive relief on behalf of the general public, *Rotunda* is not applicable; thus this case should

be remanded, consistent with the series of cases cited above.  *See Toxin Free USA,* 2020 U.S.

Dist. LEXIS 222520, *7-8; *see also*, Ex. 1, Compl. at 19.

1. **Citing to D.C. Code § 28-3905(k)(1)(D) and D.C. Code 28-3905(k)(2) in the Complaint to Demonstrate Nexus to the Interests of the General Public for Standing and to Seek Appropriate, Available Relief Under the D.C. CPPA Does Not Convert this Case Into a Class Action Lawsuit.**

Importantly, the requested relief in *Toxin Free USA* are virtually indistinguishable from the relief requested in the instant case.  Toxin Free USA's complaint also cited to D.C. Code 28-3905(k)(1)(D) & (k)(2) like Plaintiff CLP did in its Complaint, and listed the following prayer for relief:

A. a declaration that [defendant's] conduct is in violation of the DC CPPA;
B. an order enjoining [defendant's] conduct found to be in violation of the CPPA, as well as corrective advertising;
C. an order granting Plaintiff's costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law; and
D. such further relief; including equitable relief, as this Court may deem just and proper.

*See* Exhibit 2, Complaint at ¶ 72 (bringing cause of action pursuant to D.C. Code §§ 28-3905(k)(1) and (k)(2), same as Plaintiff CLP), ¶¶ 90-91 (showing standing pursuant to D.C. Code §§ 28-3905(k)(1)(D)(i) & (ii), same as Plaintiff CLP) & p.18, *Toxin Free USA v. J.M. Smucker Co.*, No. 2019 CA 003192B (D.C. Super. Ct. May 14, 2019); *compare with* Ex. 1, Compl. ¶¶ 106-111 & p.19.[3]  The Court in *Toxin Free USA* found no issues with the plaintiff's specific prayer for relief seeking injunctive relief without damages on behalf of the general public under D.C. Code § 28-3905(k)(2), which broadly provides for available monetary and equitable relief within the statute.  *See Toxin Free USA*, 2020 U.S. Dist. LEXIS 222520, at *6-12.  This Court saw no reason to convert the *Toxin Free USA* into a class action based on *Rotunda* simply because D.C. Code 28-3905(k)(1)(D)(i) & (ii) were cited in the complaint to

---

[3] "A. A Declaration that Defendant's conduct is in violation of the CPPA.  B. An Order enjoining Defendant's conduct found to be in violation of the CPPA.  C. An Order requiring Defendant to provide corrective advertising to the residents of the District of Columbia that restores consumers.  D. An Order granting Plaintiff's costs and disbursements, including reasonable attorney's fees and expert fees, and prejudgment interest at the maximum rate allowable by law. E. Punitive damages and any such further relief as this Court may deem just and proper." *See* Ex. 1, Compl. at 19.

demonstrate proper standing, and therefore remanded the case back to the D.C. Superior Court. *See Toxin Free USA,* 2020 U.S. Dist. LEXIS 222520, at *6-12 (remanding to D.C. Superior Court even though the plaintiff mistakenly sought information regarding class certification during discovery); *see also* Ex. 1, Compl. ¶ 109 (specifying that Plaintiff is bringing this action "on behalf of members of the general public" pursuant to D.C. Code § 28-3905(k)(1)(D)). Similarly, Plaintiff CLP does not seek damages on behalf of the general public or class members, but requests with particularity injunctive relief on behalf of the general public authorized under the D.C. CPPA.  *See* Ex. 1, Compl. at 19.

> 2. **This Case Does Not Meet the Hallmarks of a Class Action Lawsuit under Rule 23 or CAFA, Nor Does it Meet Federal Diversity Jurisdiction Requirements.**

Defendant continues to misinterpret the disjunctive "or" in D.C. Code § 28-3905(k)(1)(D)(i) and argues that under this Section, because a public interest organization is permitted to bring a D.C. CPPA action on behalf of the interests of a consumer *or* class of consumers, this somehow has to mean that the case at bar must be a class action.  Defendant completely ignores that Plaintiff CLP has neither filed for class action nor is it seeking class certification when these facts regarding how the action was actually filed are dispositive to the issue of remand.  *See Zuckman*, 958 F. Supp. 2d at 304-305; *see also* Ex. 1, Compl. ¶¶ 106-10.  "But, this Court cannot simply convert Plaintiff's claim into a class action, capable of attaining jurisdiction under CAFA, when Plaintiff has specifically disclaimed any intention for class certification." *Hackman*, 2019 U.S. Dist. LEXIS 55635, *13 (D.D.C. April 1, 2019) (*citing* to *Zuckman*, 958 F. Supp. 2d at 305); *see also*, *National Consumer League v. Flowers Bakeries LLC,* 36 F. Supp. 3d 26, 30-32 (D.D.C. 2014) (precluding from removal under CAFA's mass action provision when there was only one named plaintiff, like how Plaintiff CLP is the only named plaintiff in the instant case).

This action as pleaded cannot fall under CAFA jurisdiction also because there is only one plaintiff, the CLP, not 100 members,[4] and the amount-in-controversy falls far below even the $75,000 threshold for traditional diversity jurisdiction.  *See Breakman*, 545 F. Supp. 2d at 102-108; *compare Smith*, 2017 U.S. Dist. LEXIS 135478, at *2-5 (where the plaintiff brought a representative DCCPPA action seeking monetary damages for himself and injunctive relief on behalf of the general public, the defendant failed to establish that the amount-in-controversy exceeded $75,000, and the case was held not to be a removable class action and was remanded); *with* Ex. 1, Compl. at 8 n.13; *see also*, *Hackman,* 2019 U.S. Dist. LEXIS 55635, at *7-8 (denying removal when a representative action under CPPA does not possess the "hallmarks of Rule 23 class actions; namely adequacy of representation, numerosity, commonality, typicality, or the requirement of class certification."); 28 U.S. Code § 1332.  CAFA jurisdictional requirements do not apply in this case.

Defendant Hain Celestial then proceeds to add up the speculative costs of the injunctive relief yet unknown, the cost of corrective advertising, the cost of punitive damages, and the costs of future attorney's and experts' fees, and other monetary damages without any evidentiary support.  Such aggregation of speculative costs that the Defendant attempts to rely upon to reach the amount in controversy was analyzed and squarely rejected in *Breakman*, which remanded

---

[4] Plaintiff did not file a class action and thus there is no class or class members.  However, it is revealing to see how the Defendant seeks to conflate the number of units of Earth's Best infant formulas sold in D.C., purportedly 2,000 units during the relevant period, with the number of hypothetical class members in this case.  Two thousand units sold do not equal 2,000 consumers. Typically, consumers do not make a singular purchase of infant formula but continue to purchase the same brand of formula for the duration of infancy for twelve or more months, at the rate of approximately four canisters per month.  With Defendant's flawed data in this highly speculative, hypothetical exercise, the number of Earth's Best consumer class members would still only be around 41 persons and short of the 100 class members required for federal jurisdiction.  This shows that the number of a hypothetical class calculated based on unfounded assumptions is completely unreliable and cannot serve as the basis for federal jurisdiction.

that case back to the Superior Court.  *See Breakman*, 545 F. Supp. 2d at 102-108 (holding that

there is a strong presumption that the initiation of a case in state court means that the plaintiffs

have not claimed an amount to qualify for federal jurisdiction, that the aggregation of actual and

statutory damages of each harmed consumer is improper in representative actions, that the cost

of injunctive relief cannot be calculated based on the cost-to-defendant test, and that punitive

damages and conjectures about attorney's fees and expert costs cannot be aggregated to meet the

amount-in-controversy requirement.).[5]  Defendant claims that the Plaintiff does not contest Hain

Celestial's calculation of the amount in controversy, which completely misrepresents CLP's

position.  Plaintiff disagrees that CAFA is applicable to this case *ab initio*, which not only

disputes but fully rejects Defendant's speculative $5 million dollars in amount-in-controversy,

inflated by violating the non-aggregation principle. *See Breakman*, 545 F. Supp. 2d at 102-108;

*see also Toxin Free USA*, 2020 U.S. Dist. LEXIS 222520, at *10-11 (where the plaintiff does not

seek any integrated claim for relief that would hold the defendant liable for a fixed amount so

that the general public would have a common and undivided interest, the defendant's compliance

costs cannot be aggregated to satisfy the amount in controversy requirement.).   Defendant is

obligated to demonstrate "that the cost of the injunction divided pro rata among the members of

---

[5] One need look no further than *Snyder*, 394 U.S. 332, and *Zahn*, 414 U.S. 291, establishing the non-aggregation principle, to see why Defendant's potential costs of complying with CLP's injunction cannot establish the amount-in-controversy. *Snyder v. Harris*, 394 U.S. 332, 335 (1969) ("The separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement); *Zahn v. Int'l Paper Co*., 414 U.S. 291, 294 (1973) ("multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement for suit).  The non-aggregation principle states that the value of different claims cannot "be aggregated to meet the required jurisdictional amount." *Snyder*, 394 U.S. at 337. Its objective is to limit "transfer[s] into the federal courts [of] numerous local controversies involving exclusively questions of state" law. *Id*. at 340. Accordingly, it instructed lower courts to "'strictly constru[e]'" the jurisdictional amount to prevent an end-run around "Congress['s] determin[ation] that cases involving lesser amounts should be left to be dealt with by the state courts." *Id*. at 340 (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

the general public of Washington, D.C. would exceed the jurisdictional threshold." *See Animal Legal Def. Fund*, 249 F. Supp. 3d at 60-61; *see also*, *Breathe DC v. Santa Fe Nat. Tobacco Co*., 232 F. Supp. 3d 163, 170-71 (D.D.C. 2017) (rejecting the defendant's aggregation of costs of compliance of $900,000 even when supported by testimony from the company's director of marketing, because "the cost of compliance must be divided among the beneficiaries of the injunction").  Defendant's argument parrots those of other companies sued under the CPPA for injunctive relief, which have *uniformly* resulted in remand because the defendants cannot meet their burden to attain diversity jurisdiction based on the cost of the injunction.[6]  Defendant has the burden of proof in demonstrating CAFA jurisdiction for removal to federal court, and it has failed to do so in relying upon speculative costs and theoretical calculations based on no evidence, and aggregated the amount-in-controversy in ways prohibited by case law.  *See Apton*, 233 F. Supp. 3d at 11; *see also*, *Breakman*, 545 F. Supp. 2d at 102-108; *see also*, *Hackman*, 2019 U.S. Dist. LEXIS 55635, at *13-25.  Because the Defendant has not satisfied the amount-in-controversy requirement, the Court lacks jurisdiction under 28 U.S.C. § 1332(a).

### 3. Requesting Individual Statutory and Punitive Damages Do Not Convert a CPPA Action into a Class Action Because Those Damages Cannot be Aggregated and are Apportioned to Each Consumer.

To be clear, the Complaint does not state an explicit prayer for relief regarding statutory damages, but only injunctive relief on behalf of the general public.  *See* Ex. 1, Compl. at 19.  However, even if Plaintiff CLP as a consumer was to seek statutory damages for itself under 28-3905(k)(2)(A) based on no more than eight canisters of Earth's Best infant formula it had

---

[6] *See Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 32 (D.D.C. 2014); *Nat'l Consumers League v. Bimbo Bakeries*, 46 F. Supp. 3d 64, 74 (D.D.C. 2014); *Zuckman*, 958 F. Supp. 2d at 302–03 (D.D.C. 2013); *Nat'l Consumers League v. General Mills, Inc*., 680 F. Supp. 2d 132, 140-41 (D.D.C. 2010); *Breakman*, 545 F. Supp. 2d at 107-08; *see also*, 8 D.C. Practice Manual, Consumer Protection, 19 (2013).

purchased for laboratory testing, costing approximately $40 per unit, relevant law shows that this does not justify removal. *See Hackman*, 2019 U.S. Dist. LEXIS 55635, at *9, 11 ("Defendant assigns to *Rotunda* a weight that the case cannot bear. . . . . The Court finds that Plaintiff's decision to seek damages for herself does not present the same concerns as the *Rotunda* plaintiff's decision to seek damages for members of the general public.").

This Court has also held that a request for punitive damages in the complaint does not turn a D.C. CPPA representative case into a class action. *See Hackman*, 2019 U.S. Dist. LEXIS 55635, at *19-20. Defendant again misconstrues the facts in *Hackman*, another key authority, as distinguishable from the instant case, claiming that *Hackman*, like "the Complaint in *Animal Legal Defense Fund* neither requested punitive damages nor the remedies available under D.C. Code § 28-3905(k)(2)(A-F), like the Plaintiff does here", when Ms. Hackman did request statutory and punitive damages. *See* ECF 9, Def. Resp. in Opp. at 7 n.2; *but see*, Exhibit 3, Complaint ¶¶ 33-34, *Hackman v. One Brands LLC*, No. 2018 CA 005423 B (D.C. Super. Ct. July 30, 2018) ("Gloria Hackman seeks statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees."); *Hackman*, 2019 U.S. Dist. LEXIS 55635, at *19-20.

> Courts in this Circuit have previously held that, "[b]ecause the underlying claims are separate and distinct, punitive damages should be apportioned to each consumer.". . . While the D.C. Circuit has not addressed this question, appellate courts in other circuits have similarly concluded that the non-aggregation principle applies to punitive damages. As the Ninth Circuit explained, "[i]t is undisputed that the plaintiffs in this case could sue [the defendant] individually on all the causes of action alleged in the current complaint. If they did so, nothing would preclude them from seeking and recovering punitive damages individually. This potential for multiple liability directly refutes the argument that there is some unitary res to which the plaintiffs jointly claim a right." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001). Lacking a common and undivided interest in the punitive damages, the Ninth Circuit determined that the non-aggregation principle applies. Similarly, the Fifth Circuit and the Eleventh Circuit have both concluded that punitive damages are subject to the non-aggregation principle.

14

*See Hackman*, 2019 U.S. Dist. LEXIS 55635, at *8-13, 19-20 (where the plaintiff's representative action requested individual statutory damages for herself and punitive damages as relief under the D.C. CPPA, and this Court, after fully considering the holding in *Rotunda*, remanded the case to the D.C. Superior Court).

Like *Hackman*, Plaintiff CLP has requested punitive damages in the Complaint and is eligible for individual statutory damages under the D.C. CPPA, which does not trigger *Rotunda*'s concern of precluding other members of the public from asserting their own claims for statutory and punitive damages, and thus should be remanded.  *See Hackman*, 2019 U.S. Dist. LEXIS 55635, at *3, 8-13, 19-22, 27; *see also*, *Toxin Free USA*, 2020 U.S. Dist. LEXIS 222520, at *7-8; *Rotunda*, 123 A.3d at 982, 988-989; *and see*, Ex. 1, Compl. at 19.

### 4.  Defendant Misstates the Authorities It Cited to Support Remand

Defendant cites to *Alston v. Whole Foods Mkt. Grp*., No. 17-2580, 2018 WL 2561041, at *1 (D.D.C. Apr. 13, 2018) for the proposition that under *Rotunda*, FRCP 23 "applies to DCCPPA actions under D.C. law", but completely omits the fact that Mr. Alston specifically pleaded his D.C. CPPA case as a class action lawsuit.  *See* Complaint at 3, *Alston v. Whole Foods Mkt. Grp*. (No. 17-2580) (D.D.C. Dec. 4, 2017); *see also Alston*, 2018 WL 2561041, at *1-3 (D.D.C. Apr. 13, 2018) (ignoring also that the case was dismissed really because the *pro se* Mr. Alston could not adequately represent the class, and failed to respond to the defendant's motion to dismiss months past the due date).  Defendant uses the same maneuver in citing to *Ford v. Chartone, Inc.*, 908 A.2d 72, 78-79 (D.C. 2006), which was also a CPPA case specifically pleaded as a class action, and entirely distinguishable from this case.  Plaintiff CLP does not dispute that *Rotunda* is the controlling law where a D.C. CPPA representative action seeks damages on behalf of the general public.  However, *Rotunda* cannot convert a case like this one into a class action where Plaintiff CLP only seeks injunctive relief, not damages, on behalf

15

of the general public.  *See Toxin Free USA,* 2020 U.S. Dist. LEXIS 222520, *7-8; *see also*, Ex. 1, Compl. at 19.

II.    **Removal Is Not Appropriate As Plaintiff CLP Brings Only State-Law Claims and Has Raised No Federal Question**

Defendant attempts to invoke *Organic Consumers Ass'n v. Hain Celestial Group, Inc.*, 285 F. Supp. 3d 100 (D.D.C. 2018) and argues that CLP's deceptive marketing claims brought under the D.C. CPPA is preempted by the Organic Food Product Act of 1990 ("OFPA"), 7 U.S.C. § 6501 *et seq.*, and federal regulations.  However, in *Organic Consumers Ass'n*, the plaintiff's claims were preempted because it specifically relied on the OFPA and sought to prevent Hain Celestial from using its "organic" label for violating the requirements defined and regulated by federal law.  *See Organic Consumers Ass'n v. Hain Celestial Grp., Inc*., 285 F. Supp. 3d 100, 101-04, 107-08 (D.D.C. 2018).  This is different from Plaintiff CLP's false advertising claims and injunctive relief sought under the D.C. CPPA against the Defendant for marketing its Product as "pure" and BPA-free when the Product contains BPA.  *See* Ex. 1, Compl. ¶¶ 16-26, 66-75, 92-102.  Also, whether Plaintiff's claims are preempted is a matter reserved for a motion to dismiss and not before this Court.  Defendant's arguments amount to a preemption defense, and a federal preemption defense does not give rise to federal question jurisdiction.

Plaintiff CLP makes no claim or reference to any deficiencies in the Product's "organic" label that is regulated by federal guidelines.  Instead, Plaintiff pleaded that Defendant's advertising campaign regarding its "Closest to Breast Milk", "purest", "wholesome", "safe", "non-BPA packaging" infant formula product is false and deceptive when the Product was found to be adulterated with BPA under certified laboratory testing.  *See* Ex. 1, Compl. ¶¶ 16-26, 66-75, 92-102; D.C. Code §48-103 *et seq*.  In fact, Earth's Best infant formula was found to contain one of the highest concentrations of BPA, at 323.95 ppb, which is higher than 98.5% of other

brands of infant formulas that were tested by CLP.  *See* Ex. 1, Compl. ¶ 79.  The Complaint

alleges with particularity, among other claims under the D.C. CPPA, the following:

> [Defendant Hain Celestial] misrepresents the characteristics, ingredients, and
> benefits of the Earth's Best Product, misrepresents the standard, quality, and grade
> of the Product; misrepresents, fails to state, and uses innuendo and ambiguity in
> ways which tend to mislead reasonable consumers with regard to material facts
> about the Product; and advertise the Product without the intent to sell the Product
> as advertised, and has adulterated the Product, Hain Celestial's marketing of the
> Product, violates D.C. Code §28-3901 *et seq*. Specifically, Hain Celestial has
> violated D.C. Code §28-3904 . . . .  Additionally, Earth's Best has violated D.C.
> Code 28-3904 et seq, pursuant to the definition of "Adulterated", as defined in D.C.
> Code §48-103.

*See* Ex. 1, Compl. ¶¶ 17-35, 101-02. None of these claims under the D.C. CPPA concerning

deceptive marketing and false advertising imply or trigger a federal question.

All of the paragraphs within the Complaint that included the word "organic" were

unavoidable because the word "organic" is in the name of the Product, "Earth's Best Organic Dairy

Infant Formula with Iron," and Defendant has routinely intermixed the word "organic" within its

overall deceptive marketing campaign to convey the Product as being of the best quality, pure,

natural, wholesome, and BPA-free for babies.  To be clear, Plaintiff has made no claims against

the "organic" label itself, does not seek here to prevent the Product from bearing the "organic"

label, or question whether the Product fails to be "organic" as defined by federal statute.  *See* Ex.

1, Compl. ¶ 16 (showing a photo of the Product canister to target the "OUR CLOSEST FORMULA

TO BREAST MILK" deceptive marketing, which happens to appear just below the "Earth's Best

Organic Dairy Infant Formula with Iron" product name); ¶ 17 (specifically challenging

Defendant's false marketing claims that the Product is "wholesome" and "safe" for "little ones",

which happen to appear below the "30 Years of Organic" title that is not a part of the Plaintiff's

averments); ¶ 26-28 (identifying the Product by its name, which is "Earth's Best Organic Dairy

Infant Formula with Iron", to discuss how the Product was found to contain BPA through

laboratory testing,); ¶ 69 (demonstrating Plaintiff's claim of how "Hain Celestial knows the importance of the quality of the Product to its consumers", and using as an example of Defendant's marketing campaign from its website to illustrate how the Defendant touts the "feel good", assuring quality of the Product: "when you choose formula, you can feel good knowing there is an organic choice-Earth's Best Organic"); ¶ 71 (claiming that Defendant's promises of "quality" and "safety" to its consumers constitute misleading advertising, which appears below the "30 Years of Organic" title in this piece of marketing material); ¶¶ 72-74 (exemplifying how Defendant's "assurances on Earth's Best Products of pure and BPA free on their packaging, website and marketing, give consumers a false expectation that the Product will not contain contaminants that are harmful to infants", as the Defendant tout that the Product is the "purest" and "natural", which happen to appear in the same sentence as the word "organic"); ¶ 79 (calling the Product by its name to discuss its high BPA content, which unavoidably includes the word "organic").  In totality, the averments in Plaintiff's Complaint demonstrate the Defendant's deceptive marketing campaign was designed to induce the consumer to purchase a "quality", "wholesome", and "pure" BPA-free infant formula product, when the Product is instead adulterated with BPA.  *See* Ex. 1, Compl.

Defendant also argues that it only claimed that the lining and packaging of its infant formula were marketed as BPA-free and this does not mean they misrepresented their infant formula as BPA-free. *Cf.* Ex. 1, Compl. ¶¶ 18, 66, 74.  However, this is a question to be resolved on a motion to dismiss or motion for summary judgment.  Plaintiff posits that whether or not a reasonable consumer believes that an advertising claim of BPA-free lining and packaging means that Earth's Best infant formula is marketed as BPA-free and not contaminated with BPA leeching into the formula they feed to their infants, is a jury question and not before this Court on a motion to remand.  *See* D.C. ST § 8-108.01 (prohibiting the sale of containers containing

BPA in the District of Columbia that are "designed or intended by the manufacturer to be filled with food or liquid for consumption by a child under the age of 4" in D.C., thereby raising public awareness regarding the necessity of eliminating BPA in infant foods by legally requiring BPA-free infant food packaging); *see also* Maryland: MD Code, Health - General, § 24-304 ("A person may not manufacture, knowingly sell, or distribute in commerce a container of infant formula containing more than 0.5 parts per billion of bisphenol-A."); *and see*, Ex. 1, Compl. ¶ 25.

In another case brought by the consumer protection group, National Consumers League (NCL), against Gerber Good Start infant formula, the NCL sued Gerber under the D.C. CPPA because Gerber falsely claimed that Good Start could prevent or reduce infant allergies on its label, when such claims were untrue. *Nat'l Consumers League v. Gerber Prods. Co.*, No. 2014 CA 008280 B, 2015 D.C. Super. LEXIS 10, at *8-9 (D.C. Super. Ct. Aug. 5, 2015). At the time, Gerber received warning and was being actively investigated by the FDA for its misbranding and unauthorized, false advertising of infant formula. *See Gerber*, 2015 D.C. Super. LEXIS 10, at *6-7. Same as Defendant Hain Celestial, Gerber made the argument that the FDA and/or the FTC have primary jurisdiction and contended that the D.C. Superior Court should "defer to the FDA's on-going process and expertise, and dismiss the case." *See id*. at *8.

> However, the Court still determined that the nature of the issue does not "justify removing [such suits] from the sphere of the judiciary and placing it exclusively within the jurisdiction of the FDA." *Bimbo*, 2015 D.C. Super. LEXIS 5, at *19; *Doctor's Associates*, 2014 D.C. Super. LEXIS 15, at *12-13. This is more so the case when the plaintiff's claims are not confined to labeling practices but more generally take issue with representations made about the disputed products. *See Bimbo*, 2015 D.C. Super. LEXIS 5, at *19; *Doctor's Associates*, 2014 D.C. Super. LEXIS 15, at *12-13. Here, NCL's claims do not solely concern misbranding, but also encompass Gerber's overall marketing practices, of which misbranding is only a part. Because the Court has not yet determined what specific remedies NCL seeks as corrective advertising or revised labeling, it is premature to dismiss NCL's claims on the basis of primary jurisdiction at this early stage. *See Bimbo*, 2015 D.C. Super. LEXIS 5, at *19.

*See Gerber*, 2015 D.C. Super. LEXIS 10, at *8-9.  In *Nat'l Consumers League v. Gerber*, the D.C. Superior Court also reviewed and rejected similar conflict preemption arguments proffered here by Defendant Hain Celestial as "premature".  *Id* (holding that "plaintiff's claims are not confined to labeling practices but more generally take issue with representations made about the disputed products" and "encompass Gerber's overall marketing practices, of which misbranding is only a part", thus the specific remedies constituting corrective advertising or revised labeling is too early to be determined at the motion to dismiss stage, allowing the Plaintiff's D.C. CPPA claims to proceed in D.C. Superior Court.).

In uncovering that the Defendant's Product contains BPA, Plaintiff CLP, like the NCL, has sued the infant formula maker to enjoin its marketing and false advertising campaigns under the D.C. CPPA.  *See Gerber,* 2015 D.C. Super. LEXIS10, at *3-6.  Specifically, CLP alleges that the Defendant marketed Earth's Best infant formula as "closest to breast milk", "purest", "wholesome", and BPA-free, when in fact the Product contains BPA which is known to be deleterious to infant brain health, heart function, and reproductive development. *See* Ex. 1, Compl. ¶¶ 50-58, 72-74.  Like Gerber's Good Start claiming to prevent infant allergies, Hain Celestial's representations mislead and/or have the ability to mislead parents to believe that Earth's Best infant formula is BPA-free when it is not. *Gerber*, 2015 D.C. Super. LEXIS 10, at *4-5, 12-14 (upholding the consumer's "statutory right to be free from improper trade practices" under the D.C. CPPA against the infant formula maker, Gerber).  None of Plaintiff's claims or relief requested implicate a federal question and should properly be litigated in D.C. Superior Court, analogous to how NCL was permitted to do so in *Nat'l Consumers League v. Gerber*.  *Id*. at *12-14.

Recently, the D.C. Superior Court has held in the motion to dismiss context, in a lawsuit also brought by Plaintiff CLP against defendant Panera, LLC, that similar preemption arguments

forwarded by the defendant based on the Food Drug and Cosmetic Act ("FDCA") and the Nutrition

Labeling and Education Act ("NLEA") are misplaced, even where regulatory guidelines allowed

a tolerance level of the contaminant, glyphosate, to be higher than what was detected in Panera's

tested product, and where the plaintiff's claims were potentially inconsistent with federal laws.

The Superior Court stated:

> Panera confuses the core issue of this case. Plaintiffs are not alleging that it is
> unacceptable to have any trace amount of glyphosate in the food products, but are
> rather contending that the presence of glyphosate, pesticides, or fungicides
> contradicts what a reasonable consumer would consider as "clean" or "100% clean"
> food. Compl. ¶ 61. An interpretation of "clean" in food labeling would not directly
> or indirectly contravene the FDCA and NLEA's regulations of safe levels of
> glyphosate. While Panera may use these regulations and standards as a basis for
> whether a certain level of glyphosate residue in foods is safe, this does not preempt
> the claim overall as Plaintiffs are challenging the use of the word "clean" in
> reference to food that contains the chemical substances. Accordingly, Panera's
> claim that Plaintiffs' allegations are precluded by federal law is without merit.

*See Clean Label Project Found. v. Panera, LLC*, No. 2019 CA 001898 B, 2019 D.C. Super. LEXIS

14, at *12-13 (D.C. Super. Ct. Oct. 11, 2019) (denying motion to dismiss).

Similarly, CLP's Complaint does not explicitly or implicitly allege any federal question.

The Plaintiff is challenging the Product under the D.C. CPPA to determine whether the presence

of BPA in the Products contradicts what a reasonable consumer would consider as "BPA-free",

"wholesome", "pure", and overall beneficial to infant health.  *See* Ex. 1, Compl. ¶¶ 18, 66-75; *see*

*Clean Label Project Found.*, 2019 D.C. Super. LEXIS 14, at *12-13.

## CONCLUSION

For all the foregoing reasons, and those set forth in its opening memorandum, Plaintiff

CLP contends that this Court lacks jurisdiction over this matter and respectfully requests

remand to the D.C. Superior Court.

## **Request for Hearing**

The Plaintiff requests the Court to grant oral argument on its Motion to Remand to D.C. Superior Court.

Dated: December 28, 2020.

Respectfully submitted,

*/s/ Julie T. Oliver-Zhang*
Julie T. Oliver-Zhang, Esquire (#997183)
**OLIVER-ZHANG LAW, PLLC**
810 New Hampshire Ave., NW
Washington, D.C. 20037
T: (202) 643-1110
F: (202) 643-1596
julie@oliverzhanglaw.com
Lead Counsel for Plaintiff Clean Label Project
Foundation (CLP)

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2020, a copy of the foregoing was served via the court's electronic filing system on all counsel of record.

*/s/ Julie T. Oliver-Zhang*
Julie Oliver-Zhang, Esq.