IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN LABEL PROJECT FOUNDATION, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case No. 1:20-cv-03154-KBJ ) |
| THE HAIN CELESTIAL GROUP INC., | ) The Honorable Ketanji Brown Jackson ) |
| *Defendant.* | ) ) ) ) |

**DEFENDANT THE HAIN CELESTIAL GROUP INC.'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO D.C. SUPERIOR COURT**

Defendant The Hain Celestial Group Inc. ("Hain") hereby files this Surreply in Opposition to Plaintiff's Motion to Remand to D.C. Superior Court. While Hain believes that the substance of its opposition to remand of this matter has been adequately addressed in its earlier pleadings, Plaintiff's Reply raised an unfounded argument that Hain somehow misstated the relevant case law to this Court and then cited to two cases not previously raised. Hain responds to those points, briefly.

**DISCUSSION**

The Parties clearly disagree on the applicability of *Rotunda v. Marriott International, Inc.*, 123 A.3d 980 (D.C. 2015), to the instant case. In *Rotunda*, the D.C. Court of Appeals held that a D.C. consumer protection claim "brought by an individual on behalf of himself and other similarly situated members of the general public is ***in essence a class action***, whether pled as such or not, and must satisfy the requirements of Rule 23." *Id.* at 982 (emphasis added). As Hain argued more fully in its Opposition, the D.C. high court's holding in *Rotunda* makes clear that Plaintiff's

Complaint constitutes a class action subject to CAFA where Plaintiff, as in *Rotunda*, brings a claim affirmatively seeking money damages. (ECF 9 at 4-8.)

In its Reply, Plaintiff argues (as it must to avoid CAFA jurisdiction in this Court) that *Rotunda* does not apply to its case. (ECF 10 at 6-8.) In doing so, Plaintiff cited to D.C.'s Rules of Professional Conduct, clearly implying that Hain somehow misled this Court about *Rotunda*'s applicability. (ECF 10 at 7 n.2) And in part, Plaintiff relied on two cases that were not cited in its original motion: *Toxin Free USA v. J.M Smucker Co.*, No. 20-cv-1013 (DLF), 2020 U.S. Dist. LEXIS 222520 (D.D.C. Nov. 30, 2020) and *Smith v. Abbott Labs., Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478 (D.D.C. Mar. 31, 2017).

However, each case cited by Plaintiff in its footnote stands for the same proposition: *Rotunda* merely has not been extended to cases in which a Plaintiff ***only*** seeks injunctive relief (or ***individual*** statutory damages). *See Toxin Free USA*, 2020 U.S. Dist. LEXIS 222520, at *8 (holding *Rotunda* inapplicable because "Toxin Free seeks injunctive relief and not damages on behalf of the general public"); *Smith*, 2017 U.S. Dist. LEXIS 135478, at *5 ("Although *Rotunda* held that DCCPPA representative actions for money damages must comply with Rule 23, the decision was limited solely to suits for money damages and did not address representative actions for purely injunctive relief."); *Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *11 (D.D.C. Apr. 1, 2019) (declining to extend *Rotunda* "to cases where the plaintiff seeks only injunctive relief on behalf of the general public" and where plaintiff only sought individual statutory damages); *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 65 (D.D.C. 2017) (analyzing *Rotunda* and holding that it did not apply "in this case

seeking injunctive relief").[1]  Notably, Plaintiff is unable to cite to any case holding that *Rotunda* has not been extended to cases where money damages on behalf of the general public.

Plaintiff, of course, ***does*** bring a claim seeking money damages on behalf of the general public.  Plaintiff's Complaint plainly and explicitly states that it seeks "the remedies available under D.C. Code § 28-3905(k)(2)(A-F)."  (ECF 1-1 at 19.)  Those remedies include actual damages, D.C. Code § 3905(k)(2)(A)(ii), as well as "[t]reble damages, or $1,500 per violation, whichever is greater."  D.C. Code § 3905(k)(2)(A)(i).  In such cases, *Rotunda* clearly applies by its terms.  *See, e.g.*, *Organic Consumers Ass'n v. General Mills, Inc.*, No. 2016 CA 6309 B, 2017 D.C. Super. LEXIS 4, at *8-11 (D.C. Super. Ct. July 6, 2017) (applying *Rotunda* to suit for damages under D.C.'s consumer protection statute); *see also Alston v. Whole Foods Mkt. Grp.*, No. 17-2580 EGS), 2018 U.S. Dist. LEXIS 62642, at *2 (D.D.C. Apr. 13, 2018) (accord).  Indeed, in *Rotunda* itself, the plaintiff brought an action seeking "statutory or actual damages" on behalf of the general public.  123 A.3d at 982.

Plaintiff, as the master of its Complaint, affirmatively chose to seek money damages on behalf of the general public.  In doing so, Plaintiff brought its Complaint, and as a result, this Court's jurisdiction, under the ambit of *Rotunda*, Rule 23, and CAFA.  Plaintiff simply cannot wish away what is sought plainly on the face of its Complaint by obliquely threatening Hain with citations to the Rules of Professional Conduct.  Had Plaintiff wanted to have its Complaint treated like those in *Toxin Free USA*, *Smith*, and others, it could have pleaded a claim solely for injunctive relief.  Whether by strategy or mistake, it failed to do so.  As a result, Plaintiff is stuck with the Complaint it filed, which states very clearly that it seeks monetary damages on behalf of the

---

[1] Of course, even if Plaintiff's (incorrect) interpretation of its cited decisions applied, those opinions are in no way binding on this Court.  *See, e.g.*, *Continental Transfer Technique, Ltd. v. Fed. Gov't of Nig.*, No. 08-2026 (PLF), 2019 U.S. Dist. LEXIS 131299, at *32 (D.D.C. Aug. 6, 2019) ("An opinion from another district judge does not bind this Court.").

general public. As a result, *Rotunda* applies, Plaintiff Complaint is subject to Rule 23, and this Court has jurisdiction pursuant to CAFA.

## **CONCLUSION**

For the forgoing reasons, and as more fully stated in Hain's previously-filed Opposition, Hain respectfully requests that this Court deny Plaintiff's motion to remand.

Dated: February 11, 2021          Respectfully submitted,

*/s/ A. Wolfgang McGavran*
A. Wolfgang McGavran (DC Bar No. 241891)
**MCGUIREWOODS LLP**
2001 K Street N.W., Suite 400
Washington, D.C. 20006-1040
(202) 857-2471
(202) 828-2971 (facsimile)
wmcgavran@mcguirewoods.com

***Counsel for The Hain Celestial Group Inc.***

## CERTIFICATE OF SERVICE

  I hereby certify that on <u>February 11, 2021</u>, a true and correct copy of the foregoing instrument was electronically filed using the CM/ECF system, and also served by the CM/ECF system to all counsel of record who have consented to electronic service.

              <u>*/s/ A. Wolfgang McGavran*</u>
              A. Wolfgang McGavran (DC Bar No. 241891)